JUDGE PETERS
delivered the opinión of the court.
This suit was brought by the contractor against the owners of property fronting and adjacent to the street on which certain improvements were made in Louisville and against the city, after the work had been done and approved, and apportionment warrants issued for the cost of said improvements against the respective owners.
It is insisted for the owners of the lots fronting said improvements: 1. That there never were any ordinances passed for improving said streets according to the provisions of the charter of the city authorizing the improvement of streets at the cost of the owners of the lots fronting said improvements; 2. That no journal of the proceedings of the two boards of the city council was kept as required by section 7, article 3, of the charter; 3. The work was not done according to the contract and specifications. It is provided by the section, supra, that each board of said council shall keep a correct journal of its proceedings, and immediately after the adjournment of each session shall cause the proceedings of that session to be published at least once in one or more of the daily newspapers printed in Louisville; and by section 5, article 4, of _the charter, every proposed ordinance which has passed both boards of the General Council shall be presented to the mayor, and if he approve he shall sign it, and it then becomes an ordinance.
*653 It is not pretended that a journal of the proceedings of the board of common council was kept and its ordinances entered at length thereon; but mere memoranda were made by the clerk of the proceedings on a scrap-book, intelligible to no one but himself, from which he wrote out what he understood to be the ordinances, and took them to a daily newspaper, in which they were published, and after they were thus published the street commissioners, or the city attorney, or whoever might feel an interest in so doing, preserved them, or some of them; but they certainly were not cut out and posted or otherwise spread at large on the journals and preserved by the clerk. These minutes may never have been read to the board, to whom they were as unintelligible as to any one else, nor is it probable that they ever saw them, unless they happened to see what was published in one of the newspapers. This certainly was not keeping a correct journal, or any journal at all, of the proceedings.
What test could there be that what was published in the newspapers was a correct history of the proceedings of the board if they were not entered fully on the journal, with some evidence of approval by the signature of the chairman of the board? The object of the legislature in requiring this journal to be kept was that every one who was interested in the proceedings could go to the clerk and see precisely what the board had done, and that nothing was left to the discretion of the clerk; that there should be a veritable and an abiding record by which all could be informed what was done there, by which all mistakes could be corrected, and nothing left to the discretion nor the interpretation of the clerk.' As it is, there is no journal of the proceedings of the common council; the printed slips offered are mere, substitutes made by the clerk, migrating from the newspapers to the street commissioners or city attorney, and from them to the clerk, without any of the guards of an approved record made at the time under the direction and *654 control of the board, and “to be read of all men” to protect the rights of all.
We concur therefore with the court below that the evidence is wholly insufficient to establish the passage of the ordinances and to charge the lot-owners.
But it is insisted by the attorney for the city, in his able brief, that the act of the legislature approved March, 1871, cured the defects in the record, and authorized and legalized the evidence offered. The judgment was rendered before that act was passed, and it surely can not by retrospection reach its curative hand to the judgment, right according to the laws when it was rendered, and make it erroneous afterward. (Barnet v. Barnet, 15 Serg. & Bawles, 72.)
As the city has had the work done and received it, it must be responsible.
Wherefore the judgment is affirmed.