## Timothy Leight, etc., *v.* E. W. Rupert.

**Municipal Corporations—Street Improvement Ordinance.**

A street improvement ordinance providing for assessment in the proportion that each parcel of land bears to the portion of the street to be improved, was held to be in substantial compliance with the statute.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 21, 1872.

OPINION BY JUDGE LINDSAY:

The record in this case shows that the board of aldermen and the common council did each keep a regular journal, and that a full and perfect record of the proceedings touching the passage of the ordinances and the approval of the contract involved in this litigation was kept. There is nothing in the testimony of the witness Vaughan tending to bring this case within the rule laid down in the case of McKegney, 7 Bush 651. The proof in that case showed conclusively that no journal had been kept at all, but that the ordinances were merely published in a newspaper, and then cut out and preserved, not by both or either of the branches of the city legislature, but by such of the city officers as felt interest enough in the matter to do so.

We are of opinion that the General Ordinance No. 292, Elliott's Digest 787, is substantially all that is required by the 27th Section of the act of March 9, 1868. It does provide for the rate of apportionment of the cost incurred in the improvements of streets, i. e., that such cost shall be apportioned according to the number of feet each lot shall front on the improvement.

It would have been impossible either by a general or special ordinance, to have fixed the exact amount to which each lot should be subjected, in advance of the contract, as the general council could not know in advance the amount which it would be necessary to pay for the entire work. The statutes can not and ought not to be so construed as to render it wholly inoperative.

That no lot could be held subject to the payment of a greater excess than 25 per cent. more than the amount assessed against the same area of other lots, does not prove that the assessment could not be legally made against such in proportion to the front feet thereof, but rather that in making the apportionment in that manner this rule should operate as a limitation in favor of corner lots, and lots running back a less number of feet than those generally do which front on the improvement. There is no complaint that in the assessment against the lots of these appellants this limitation was disregarded.

Judgment *affirmed*.

*Barrett & Roberts, for appellants.*

*Harrison, F. T. Fox, for appellee.*