CITY OF LOUISVILLE *v.* C. G. GOODAN AND BLAN BALLARD, ETC.

**Municipal Corporations—Council—Journals of—How Kept.**

Where a legislative body, such as the common council, is required to keep a journal of its proceedings, the correctness of the journal can be passed upon only by the council or legislative body of whose proceedings the journal is kept, and not by the clerk or president thereof.

**Municipal Corporations—Ordinance—Evidence of Passage of.**

A journal record of the proceedings of the common council of a city can not be received as sufficient evidence of the passage and acceptance of an ordinance where the correctness of the journal has not been passed upon by the council. but only by the clerk or president.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 3, 1873.

OPINION BY JUDGE LINDSAY:

It is clear from the evidence in this record that the board of common council during the years 1868 and 1869 did not "keep a correct journal of its proceedings," as required by the city charter

of 1851. The books in the possession and custody of the clerk of that board do not bear upon their faces the requisite evidence of authenticity. Besides it is clearly proved that they were written up long after the meetings the proceedings of which it is pretended are recorded were held. In some instances as much as two or three months intervened. The clerk himself swears that the proceedings of the last three or four meetings held by the board expiring April, 1870, were not written out until June or July of that year and were signed by the president of the board after he had ceased even to be a member of the council.

It is perfectly evident that the board did not know, and had no means of knowing, the contents of these books. They were written up by the clerk in his office, and privately submitted to the president for his examination and approval.

From the present appearance of the books it can be legitimately assumed that in many instances the president signed his name in advance, at intervals through the books, and authorized the clerk afterwards to write up the proceedings of the board. Hence his signature is sometimes found in the middle of the proceedings he intended to approve, and sometimes two or three blank pages intervene between his signature and the conclusion of the particular record.

We attach no special importance to the signature of this officer, but these facts conduce to show the manner in which these books were kept, and are sufficient to taint them with suspicion.

A legislative body can not keep a journal unless it is submitted to and approved by the body itself. It is not for the clerk nor the president to determine whether or not the proceedings as written out by the clerk are correct. This alone can be done by the body whose proceedings are being recorded.

Our state constitution requires each house of the general assembly to keep a journal. This constitutional provision has been construed by both branches of the general assembly. The first rule of the senate requires the speaker, immediately upon taking the chair, a quorum being present, to "Cause the journal of the preceding day to be read."

The first rule of the house of representatives imposes the same duty upon the speaker of that house. It is so with the senate and house of representatives of the Federal Congress.

Notwithstanding the irregularities shown upon the face of the books purporting to be journals of the board of common council, no effort was made to show that any of the proceedings therein recorded had ever been read to that board, or in any way approved by it. In two or three instances it is shown that the reading of the journal was dispensed with, but it is nowhere proved that any portion of it ever was read to, or approved by, any member of the board.

A record kept in the manner indicated can not be received as sufficient evidence of the passage and existence of laws under which the most onerous and oppressive taxation is sought to be imposed upon private citizens. The taxpayers have the right to demand that the municipal laws by which they are to be governed, shall be regularly passed in accordance with the provisions of the city charter, and that the journals of the lawmaking department shall be kept by the respective branches, and not left to the discretion of the clerk or president. *City of Louisville v. McKegney; 7* Bush 651.

The fact that ordinances passed in the years 1868 and 1869 have in some cases been upheld by this court only proves that parties resisting their enforcement did not make the proof presented in this case.

The effect of the 12th section of the act to amend the charter of Louisville, passed March 3, 1871 (Sess. Acts 1871, page 326), remains to be considered. This section provides "That the charter, laws and ordinances of the city of Louisville, as published in Elliott's Digest of the charter, acts, and ordinances of the said city from the year 1870 to the year 1869, shall be regarded as correct, and shall be held and received as *prima facie* evidence in the courts of the state of Kentucky. And that proceedings of the general council of said city, as heretofore published in the newspaper in said city selected and declared by the general council to do the printing and publishing of said city shall be received as evidence *prima facie* in the courts of the state of Kentucky."

Waiving any question of the power of the legislature to so vitalize this digest and these published proceedings as to affect controversies which had previously arisen, it is sufficient in this case to say that appellant did not present, nor rely upon the proceedings of the board of common council as published in these newspapers. The newspapers themselves were not offered in evidence, and the copies of ordinances and proceedings filed with the petition do not purport to be taken from these publications.

The fact that they are attested by the clerks of the two boards shows conclusively that they were not taken from such publications, as these officers are not required nor authorized to keep them, nor to certify copies from them.

The chancellor properly dismissed the Goodans petition as to the property holders, and properly rendered judgment against the city. His judgment is *affirmed*.

*Burnett, for appellant.*

*Gazley, R. & L. Buchanan, Bullitt, A. H. Marrett, for appellees.*