## KENTUCKY CENTRAL R. CO. *v.* WILLIAM E. WELLS.

[Abstract Kentucky Law Reporter, Vol. 2—60.]

**Bill of Exceptions—Time for Filing.**

The law prior to the Act of 1878, amending Subsec. 2, Sec. 337, Civil Code of 1877, required that the party excepting should at the close of the trial, unless further time be given him, prepare his bill of exceptions, and this was required to be done during the day on which the trial terminates, or the judgment becomes final. A trial held before the Act of 1878 came in force is governed by the former law, and a bill of exceptions tendered on May 4, when the motion for a new trial was overruled on May 1, 1878, is not in time and does not become a part of the record on appeal.

### APPEAL FROM MASON CIRCUIT COURT.

December 9, 1880.

OPINION BY JUDGE HARGIS:

The first objection made by appellee to the appeal is that there is no bill of exceptions showing what transpired before the jury on the trial.

The action was brought in September, 1877, a judgment had for the appellee, and the motion for a new trial was overruled, May 1, 1878. On the 4th day of May thereafter appellant tendered his bill of exceptions, which was then signed and made part of the record.

In *Scott v. Burrows*, 13 Bush 450, this court decided under Subsec. 2, Sec. 337, Civil Code of 1877, that the party excepting shall at the close of the trial, unless further time be given him, prepare his bill of exceptions, etc. This must be done sometime during the day on which the trial terminates, or the judgment becomes final.

The Act of 1878, amending Sub-sec. 2, Sec. 337, was passed subsequent to the trial herein, and it is held by the court in *Yeatman v. Day*, 79 Ky. 186, that it does not apply to cases wherein judgments were rendered and exceptions filed before the act was passed. To that extent the act is unconstitutional. See *City of Louisville v. McKegney*, 7 Bush 651; *Barnet v. Barnet*, 15 Serg. and R. (Pa.) 72.

It therefore follows that the bill of exceptions is not legally before this court, and the errors assigned cannot be considered in the absence of a bill of exceptions.

Wherefore the judgment is *affirmed*.

*W. H. Wadsworth & Sons*, for appellant.

*E. C. Phister*, for appellee.