CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The verdict was returned and the judgment entered on the *451 16th day of January, 1877. A motion for a new trial was made in due time, and was overruled on the 26th of the same month. No other order was made in the cause till the 2nd day of February, when time was given the appellants until the second day of the succeeding term of the court to prepare and file their bill of exceptions. The record does not show that the appellee or his counsel was present when this extension was granted.
They now insist that the order was unauthorized and void, and that the bill of exceptions prepared and filed pursuant to its provisions is not and can not be treated as part of the record of the cause.
Section 364 of the Civil Code of Practice, in force prior to January 1, 1871, provided, that “ The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term.”
In practice it was not regarded as absolutely essential, under this section, to ask time to reduce the exception to writing at the very moment of the decision; and the practice of preparing the exception, or of asking time until the next term at any time during the term at which the decision was made, was tolerated and impliedly approved.
By section 334 of the present Civil Code, time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term; and sub-section 2 of section 337 provides, that “Exceptions taken during the trial need not be noted of record nor reduced to writing, unless by order of the court, until after the trial. At the close of the trial the party excepting shall, unless further time be given him, prepare his bill of exceptions.”
It is manifest from the language used, that the intention was to require the party complaining either to proceed at once, upon the overruling of his motion for a new trial, to *452 reduce his exceptions to writing, or else then to ask and obtain the necessary extension of time.
“At the close of the trial” must mean that the party excepting shall reduce his exceptions to writing, or ask for the necessary extension at some time during the day on ,which the trial terminates, or the judgment becomes final.
In this case the judgment became final and the trial terminated when the motion for a new trial was overruled; and if the appellants desired further time to prepare their bill of exceptions, they were bound by the statute to ask for and obtain it on that day.
The language is imperative, and the most liberal construction will not authorize the courts to extend the time for action by the complaining party further than we have just indicated. Hence, according to the principles announced in the cases of Smith v. Blakeman (8 Bush, 480); Vandever v. Griffith (2 Met. 426); and Freeman v. Brenham (17 B. Mon. 603), the bill of exceptions filed in this cause can not be regarded as legitimately a part of the record.
The judgment must therefore be affirmed.