CASE 34—ORDINARY—DECEMBER 9, 1880.

# Yeatman v. Day.

APPEAL FROM KENTON CIRCUIT COURT.

1. The judgment was rendered at the September term, 1877, and time was given until the January term following to prepare and present a bill of exceptions. The bill of exceptions, when presented, was a nullity. No authority for giving the time existed when the order was made.

2. An act of the general assembly which was passed after the bill of exceptions had been presented and signed, cannot have the effect of giving validity to a void judicial act. So much of the act of the general assembly, entitled "An act to amend subsection 2, section 337, of the Civil Code of Practice," approved February 27, 1878, as applies its provisions to appeals then pending, or thereafter prosecuted from judgments rendered and exceptions filed before it was passed, is unconstitutional, as an attempt to exercise judicial power.

BENTON & BENTON FOR APPELLANT.

1. The answer of appellee does not constitute a defense to the action, and judgment should have been rendered for appellant because of its insufficiency.

2. The law only requires of a holder of a bill of exchange ordinary diligence; that is, that he shall avail himself of the usual channels of communication in giving notice. (Kent's Comm., sec. 44; 10 S. & M., 333; Ib., 541; 4 Barb., 324; 31 Conn., 396; 33 Cal., 176.)

3. The statutory requirement to personally serve notice is met by leaving it at the indorser's residence or place of business. (14 Wis., 408; 31 Miss., 483; 9 Iowa, 426; 10 Mich., 547; 45 Maine, 516; 4. Duer N. Y., 212; 10 Peters, 579; 9 Wheat., 599; 2 Peters, 102; Ib.,, 129; 54 Barb., 89.)

JNO. G. CARLISLE FOR APPELLEE.

1. The bill of evidence is no part of the record.

2. When the judgment was rendered no time was asked or given to file a bill of exceptions, but several days afterwards appellant asked and obtained time until the January term to file it. That the bill of exceptions was a nullity is decided in Scott v. Burroughs, 13 Bush, 450; Vandever v. Griffith, 2 Met., 426.

3. The act of the legislature approved January, 1878, cannot affect the rights of appellee in this case. It cannot legalize a judicial proceeding which was void before it went into effect. (Cooley on Const. Lim., 107; 19 Ill., 226; Gaines v. Gaines, 9 B. Mon., 295; 9 Bush, 246.)

4. The demurrer to the answer was properly overruled.
5. The notice of protest is insufficient. (Reed v. Marsh, 5 B. Mon., 8;. Todd v. Edwards, 7 Bush, 89; Neal v. Taylor, 9 Bush, 384.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

Counsel for the appellee insists that the bill of exceptions. copied into the transcript is not a part of the record, and as. the errors assigned cannot be inquired into without a bill of exceptions, the first inquiry is whether the position of coun-- sel is well taken.

The law and facts were submitted to the court without the intervention of a jury. Judgment for the defendant was. rendered September 22, 1877. The plaintiff then excepted; but his exceptions were not then reduced to writing, nor was time given in which to do so. No further order was. made in the case until September 27, when time until the first day of the next January term was given to prepare and present a bill of exceptions.

On that day a bill of exceptions was presented, signed,. and ordered to be made part of the record.

At the time of the trial of this case the Code (sec. 337, subsec. 2) provided that—

"Exceptions taken during the trial need not be reduced. to writing, unless by order of court, until after the trial. At the close of the trial, the party excepting shall, unless. further time be given him, prepare his bill of exceptions," &c.

In Scott v. Burrows (13 Bush, 450) we decided, in Decem- ber, 1877, that the foregoing provision required exceptions. to be reduced to writing on the day on which the trial ter- minated or the judgment became final, unless further time was then given by the court, and that a motion for a new trial having been overruled January 26, and no order made-

giving further time, a bill of exceptions filed February 2 came too late, and could not be considered by this court.

At its next session the General Assembly passed an act amending the above subsection by striking out the words "at the close of the trial," and inserting in lieu thereof the words "during the term at which the judgment becomes final" (Acts 1878, p. 24), and declaring that it should apply to all appeals then pending, or which might thereafter be prosecuted.

The language of that act embraces this case; so that, although the bill of exceptions was not a part of the record when filed, it is made a part of it by the act, unless, as contended, the act is unconstitutional as to cases in which the trial was had before the act was passed.

The simple fact that the act was intended to operate retrospectively is no objection to its validity. This is well settled. But it is an attempt by the legislature to remedy defects in judicial proceedings whereby an order of court, void when made, is declared valid, and a bill of exceptions, not effectual for any purpose, is declared to be legal and valid without giving to the party to be affected by it any opportunity to be heard.

The time within which the court was authorized to sign, seal, and enroll a bill of exceptions, or to extend the time within which to do so, was permitted to elapse. The parties were out of court so far as that matter was concerned. The successful party, knowing that the time for filing a bill of exceptions had expired, was no longer bound, by himself or counsel, to be present in court to see that a proper bill of exceptions was made up. He had no notice that such a bill was to be presented. He was not in any way bound or affected by it when filed. Under the then existing law the

Yeatman v. Day.

bill was a nullity, and his judgment could not be reversed, on account of any thing it might contain—no matter what. it might be.

If the bill of exceptions has any validity, it is derived from the legislative act, and not from the act of the court. That making and enrolling a bill of exceptions in a case tried in court is a judicial, and not a legislative act, is too clear for argument.

No one will contend that the legislature can, by its own direct action, grant a new trial, or peremptorily order a court to do so. But if it can require this court to consider a bill of exceptions which was void without and before the legis-lative act, it may accomplish by indirection that which it cannot accomplish by direct action.

If we can be required to consider as a part of the record that which was not a part of it when the parties were dis-missed from the court, and which is only to be considered because the legislature has so directed, it is obvious that this power of the legislature has no limit except the wisdom and discretion of the legislators, and that if that body so wills, it may require us to receive as part of the record the *ex parte* statement of counsel, or the report of a trial as published in a newspaper. If the judge had no power to certify a bill of exceptions at the time when he undertook to do so, his act was a simple nullity, and, legally considered, such a bill of exceptions is no more a part of the record than the report of the same trial published in a newspaper.

Many statutes have been passed to cure mere irregularities in judicial proceedings. These have generally, though not always, been held to be valid.

But we have not seen any case in which it has been held that a void judgment or order, or judicial proceeding, can

be rendered valid by a subsequent act of the legislature, unless Tilton v. Swift, 40 Iowa, 78, be an exception.

There are many cases which hold otherwise: McDaniel v. Correll, 19 Ills., 226; Richard v. Rote, 68 Penn. St., 248; Pryor v. Downey, 50 Cal., 388; Denny v. Mattoon, 2 Allen, 361; Taylor v. Place, 4 R. I., 324; Lewis v. Webb, 3 Me., 326.

We are therefore of the opinion that so much of the act *supra* as applies its provisions to appeals then pending, or thereafter prosecuted from judgments rendered and exceptions filed before the act was passed, is unconstitutional, as an attempt on the part of the legislature to exercise judicial power, and as depriving the party to be affected by it of his property, without due process of law.

Wherefore, the judgment is affirmed.