S. R. MARTIN ET AL. V. MARY McADAMS ET AL.

No. 181.

1. **Witness Competent—Devisee May Testify.**
 A devisee may testify to the genuineness of the testator's signature to a will in a proceeding to probate such will.................................... 226

2. **Suit or Proceeding.**
 In article 2246 of the Revised Statutes, the clause, "No person shall be incompetent to testify * * * because he is a party to a suit or proceeding, or interested in the issue to be tried," is broad enough to include every contested case of any nature in the courts; and therefore applies to a contested application for the probate of a will ............................ 227

3. **Transaction with or Statement by Testator.**
 The exception against testimony by an interested witness to any "transaction with or statement by a testator" does not apply to testimony to the genuineness of the signature of the testator to the will in contest ............. 227

4. **Same.**
 The making of a will is a transaction, but it is not a transaction of the testator with the devisees or legatees. The only participants are the testator and those he may call upon as witnesses ...... ............................ 227

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Hill County.

*McKinnon & Carlton,* for plaintiff in error.—1. A legatee or devisee in a will is not incompetent to testify in reference to the handwriting of the testator in a suit to probate said will. Franklin v. Franklin, 16 S. W. Rep., 557 (a Tennessee case).

2. The statement of a witness of the fact that he or she is acquainted with the handwriting of a testator, and that the will is in the handwriting of the testator, is not testifying to a transaction with or statement by the testator. Moores v. Willis, 5 S. W. Rep., 675.

*Tarlton & Morrow, Upshaw & Jordan,* and *Smith & Wear,* for defendants in error.

GAINES, ASSOCIATE JUSTICE.—This was a proceeding to probate a will. By the judgment of the County Court the will was admitted to probate; but upon appeal to the District Court there was a verdict declaring it a forgery, and a judgment accordingly. The latter judgment was affirmed in the Court of Civil Appeals.

Upon the trial each of the two persons whose names appeared to the alleged will as subscribing witnesses, testified, that the signature which purported to be his resembled his signature, but that he had no recollection of ever having subscribed to the paper as a witness. One testified, also, that he had at one time witnessed a will for the alleged testator, but that the paper in controversy was not that will. The other testified, that if he had to swear one way or another he would swear that he did not sign it.

The proponents then sought to establish the will as a holographic will; and in order to show that the instrument was wholly in the handwriting of the alleged testator, they offered to prove by Lula Thomas, one of the devisees and a daughter of the deceased, and one of the applicants for the probate, that the paper was in her father's handwriting. They also offered to prove the same fact by the husband of Lula Thomas, who was also a party plaintiff in the proceeding. The evidence was objected to, on the ground that the witnesses were incompetent to testify as to that fact, and was excluded. We think this was error.

Were the witnesses incompetent to testify as to the handwriting of the alleged testator by reason of being interested in and parties to the proceeding? The original statute of this State which changed the rule of the common law prohibiting parties to or persons interested in suits from testifying in such suits contained this provision: "In the courts of this State there shall be no exclusion of any witness on account of color, nor in civil actions, because he is a party to, or interested in, the issue tried." Pasch. Dig., art. 6826. The corresponding provision of the Revised Statutes reads as follows: "No person shall be incompetent to testify on account of color, nor because he is a party

to a suit or proceeding, or interested in the issue to be tried." Art. 2246. This language is certainly broad enough to embrace every contested case of any nature in the courts, and therefore applies to the case of a contested application of the probate of a will. The change from the words "civil action," in the original statute, to the words "suit or proceeding," is somewhat significant, and indicates that its purpose was to remove any question as to the applicability of the law growing out of the nature of the proceeding in which the issue was to be tried. The question therefore narrows itself down to the point whether the rejected testimony comes within the exception, which is contained in the following article of the Revised Statutes: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, and the provision of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Art. 2248. This court, in construing the second section of the original act, held, that the exceptions therein provided for would not be extended by construction to parties not designated by its language. Roberts v. Yarboro, 41 Texas, 449. The court, in the opinion in the case cited, quote with approval the following language of Judge Story, in United States v. Dickson, 15 Peters, 165: "When the enacting clause is general in its language and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fully within its terms." We think that the rule so announced has been generally applied by this court in construing the statute; and it applies as well to the subject matter of the evidence—that is to say, to the fact to be proved—as to the person who is offered as a witness to testify to it. We may concede that the witnesses whose testimony was excluded in this case were so related to the issue to be tried as to exclude them from testifying as to any transaction with or statement by the deceased whose will was sought to be established; and yet we have the question, whether the testimony offered was of such a nature as to fall within the terms of the statute. Testimony to the opinion of the witness that a certain paper, which is offered as a will, is in the handwriting of the alleged testator, is not testimony as to any statement by him; nor do we think that it is testimony as to any transaction with him. The making of a will is a transaction, but it is not a transaction of the testator with the devisees or legatees. The only participants in it are the testator and those whom he may call upon to witness that it is his last will and testament. The devisees may have nothing to do with it, and may in fact be ignorant of its existence, until after the death of the testator.

The statute of Kentucky upon this subject is similar to the statute of this State; and the Supreme Court of that State have repeatedly held, that in cases like this the devisees are competent to testify. In Williams v. Williams, 90 Kentucky, 28, the question was as to the competency of the devisees to testify generally as to the sanity of the testator. After quoting their statute, the court say: "While the statute greatly enlarged the competency of persons as witnesses, yet it intended to put them all upon an equal footing. This is not an action, however, to establish a claim against a decedent and thus reach his estate. In such a case the claimant can not testify to any statement of the deceased or transaction with him. If permitted to do so, there would be no equality. In such a case, the one who would be the litigant if alive, being silent in death, the other in fairness is required by the law to be silent also. In a case like this, however, all the litigants may testify. They are upon an equal footing, and to exclude them from doing so would restrict the operation of a remedial statute to an extent not intended by the law-making power. This is shown by the fact that this court has repeatedly so decided, and the statute has in this respect remained unchanged." Citing Milton v. Hunter, 13 Bush, 163; Cave v. Cave, 13 Bush, 452; Flood v. Pragoff, 79 Ky., 607; Phillips v. Phillips, 81 Ky., 328. The conclusion of the court is placed not upon any technical rule of construction, but broadly upon the manifest intent of the Legislature in enacting the statute. We think the reasoning sound, and that it applies with equal force to our own statute.

In Lewis v. Aylott, 45 Texas, 190, it is held that the legatees in a nuncupative will, who are applicants in the proceedings to probate it, are incompetent to testify to its making. The conclusion of the court in that case is undoubtedly correct, as applied to the facts before the court; for as they say in their opinion, "in proving up a will, especially a nuncupative will, the * * * parties * * * could speak of nothing else but 'statements by or transactions with the deceased.'"

For the error of the court in refusing to admit the testimony objected to, the judgment of the Court of Civil Appeals and that of the District Court is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered June 18, 1894.

Motion for rehearing overruled October 8, 1894.