NIMITZ et al. v. HOLLAND.   (No. 6069.)

(Court of Civil Appeals of Texas. Austin. Nov. 12, 1919. Rehearing Denied Dec. 24, 1919.)

1. WITNESSES ⊜⟶131—CONTEST IS ACTION BY OR AGAINST HEIRS OR LEGAL REPRESENTATIVES.

Rev. St. 1911, art. 3690, providing that neither party shall give testimony in actions by or against the heirs or legal representatives of a decedent, arising out of any transaction with such decedent, applies to contest by daughters of testatrix joined by their husbands of application by testatrix's son and sole devisee for probate.

2. WITNESSES ⊜⟶159(14) — CONTESTANT MAY GIVE OPINION AS TO SANITY BASED UPON OBSERVATION ALONE.

In contest by daughters of testatrix, joined by their husbands, of application by testatrix's son and sole devisee for probate, contestants could, despite Rev. St. 1911, art. 3690, testify that, independently of any statements made by testatrix or any transactions had with her, that, in their opinions, testatrix was insane or sane at the time of execution of will.

3. WITNESSES ⊜⟶126 — STATUTE AS TO EVIDENCE OF TRANSACTIONS WITH DECEDENTS TO BE STRICTLY CONSTRUED.

Rev. St. 1911, art. 3690, providing that neither party shall give testimony in actions by or against the heirs or legal representatives of a decedent, arising out of any transaction with such decedent, changes the common-law rule, and should be strictly construed, and the words taken in their ordinary meaning and according to their usual signification.

4. WITNESSES ⊜⟶159(14)—INTERESTED PARTY MAY TESTIFY AS TO FACTS BASED UPON OBSERVATION OF DECEDENT.

In will contest testimony of testatrix's daughter regarding her mother's physical condition during her last illness, including matters of involuntary expressions of pain and suffering, and acts and conduct tending to show mental trouble, was not within Rev. St. 1911, art. 3690, precluding interested party from testifying to "any transaction with or statement by the testator," but testimony of facts based solely upon observation.

5. APPEAL AND ERROR ⊜⟶757(3)—TESTIMONY NOT SET OUT IN BRIEF PRECLUDES REVIEW.

Where testimony of contestants in will contest as to insanity is not set out in the brief, the court on appeal will not go to the statement of facts or the transcript for the testimony to pass on its admissibility.

6. WITNESSES ⊜⟶40(1) — CHILD FOURTEEN YEARS OLD COMPETENT TO TESTIFY AS TO SANITY OF TESTATRIX.

Permitting a fourteen year old girl, not a party to contest, or an interested witness, to give opinion that testatrix was sane at or about the time she made will, *held* not error.

7. WILLS ⊜⟶53(9) — EVIDENCE OF UNKIND TREATMENT OF TESTATRIX ADMISSIBLE ON ISSUE OF INSANITY.

In contest of will on grounds of undue influence and mental incapacity, it was error to exclude contestant, daughter's evidence that proponent's wife was unkind to testatrix and neglected her during her last illness, such evidence being admissible as a circumstance tending to show that the will was an unnatural one, and that testatrix was insane.

8. WILLS ⊜⟶400—EXCLUSION OF TESTIMONY HARMLESS.

In contest of will, where reliable testimony as to value of community property of testatrix could readily be obtained from other sources, the court did not err in refusing to permit contestant daughter, who did not show herself sufficiently qualified to testify as to value of community property belonging to testatrix, to testify to value.

9. APPEAL AND ERROR ⊜⟶972—TRIAL ⊜⟶106 —TRIAL COURT HAS WIDE LATITUDE IN CONTROLLING ARGUMENT.

The trial judge has wide latitude in controlling the argument, and only a flagrant abuse of such discretion will authorize reversal.

10. WITNESSES ⊜⟶159(2) — PROPONENT MAY TESTIFY THAT HE SAID NOTHING TO TESTATRIX WITH REFERENCE TO MAKING WILL.

Testimony of proponent that he never said anything to testatrix, his mother, with reference to making of will being contested, was not within Rev. St. 1911, art. 3690, precluding interested party from testifying to "any transaction with or statement by the testator."

Appeal from District Court, Tom Green County; James Cornell, Judge.

Contest suit by Mary E. Nimitz and others against Robert S. Holland. Judgment admitting will to probate, motion for new trial overruled, and contestants appeal. Reversed and remanded.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wright & Harris, of San Angelo, for appellants.

J. T. Thomson and Blanks, Collins & Jackson, all of San Angelo, and Critz & Woodward, of Coleman, for appellee.

BRADY, J. On July 10, 1914, Mrs. Susan E. Holland made her will, bequeathing to her son, Robt. S. Holland, appellee on this appeal, all of her property, and appointing him executor. On November 20, 1914, Mrs. Holland died, and the will was offered for probate by appellee in the county court of Tom Green county. Appellants, the daughters of Mrs. Holland, who, together with Robt. S. Holland, being the sole heirs at law of Mrs. Holland, joined by their husbands, contested the application to probate the will upon the grounds of undue influence by Robt. S. Holland and mental incapacity of the testatrix. The trial in the county court was pro forma, no evidence being introduced by contestants, and from a judgment probating the will an appeal was prosecuted to the district court. The trial upon appeal was had upon amended pleadings before a jury, and verdict was rendered by the jury upon special issues. The jury, in effect, answered that Mrs. Holland, at the time of the execution of the will, had sufficient mental capacity, and that appellee, Robt. S. Holland, did not exercise undue influence over her in the procurement of the will. The verdict has support in the evidence. Upon this verdict the court entered judgment, admitting the will to probate, and overruled the motion for new trial, from which action this appeal has resulted.

Opinion.

Appellants' first five assignments relate to the alleged error of the trial court in refusing to permit Mrs. Nimitz and other appellants to testify that, in their opinion, Mrs. Holland was insane at the time she executed the will in question. This testimony was excluded upon objection of appellee, who invoked the provisions of article 3690, Revised Statutes of 1911. This statute reads as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

[1] The first question we will consider is the point, made in the brief and argument for appellants, that the statute does not apply to this case; for the support of which proposition, appellants cited Simon v. Mid- dleton, 51 Tex. Civ. App. 543, 112 S. W. 441, and Grelle v. Grelle, 206 S. W. 114. The question is set at rest, and discussion by us rendered unnecessary, by the recent decision of the Supreme Court in Leahy v. Timón, decided October 29, 1919, 215 S. W. 951, but not yet officially reported. The Supreme Court in that case expressly overruled the two decisions by the Courts of Civil Appeals, above referred to, upon this point, and held that this is an action by the heirs of the decedent arising out of a transaction with the decedent, and that the statute applies to such a suit.

[2] We next come to the principal questions raised by appellants, arising out of the ruling of the trial court, refusing to permit Mrs. Nimitz and other appellants to give in testimony their opinion of the mental incapacity of Mrs. Holland at the time she executed the will in question.

It appears that Mrs. Nimitz was permitted to testify, without objection, that she was the daughter of Mrs. Holland, and had known and been with her a great part of her life; that she was with her during her last illness, and saw her on or about the date the will was made; that there was a great degree of affection between her mother and her four daughters, especially between her and her daughter Bessie Crawford, with whom she had lived a long time; that Mrs. Holland came to San Angelo from Houston to the home of her son, appellee, in May, 1914, in a serious physical condition; that they had to lift her mother off the train; and that she was in constant attendance upon her mother for three weeks, night and day, after her arrival in San Angelo. She was permitted to describe in detail her mother's condition during that time, and up to September, 1914, especially her physical sufferings and nervous condition, including the giving to witness by appellee of certain medicine for use by Mrs. Holland, which was termed by appellee "Jimmy" medicine. This testimony included details tending to show serious nervous trouble and excitement by Mrs. Holland during her last illness, with frequent unconscious spells. She was then asked the question whether or not, in her opinion, at and about the time her mother, Susan E. Holland, executed the alleged will, she was sane or insane. Objection was made to this question, upon the ground that to admit the opinion would in effect be permitting the witness to testify to conversations had and statements made by her mother. These objections were sustained, to which ruling appellants excepted. The witness was then asked the question whether, independently of any statements made by her mother, but merely from her observations of her, she (Mrs. Holland) was insane about the time of the making of the will. The objections were renewed, and the court again sustained

them, stating in his ruling that "witness could not form an opinion independent of statements made or conversations had with her mother."

The qualification to this bill of exception shows that during the trial the court had, upon objection, excluded the testimony of this witness as to the statements made by the testatrix to her, and as to all transactions had between the testatrix and the witness. It also shows that the court held, and had held, that any opinion of the witness as to the mental condition of the testatrix would necessarily be based, in part at least, upon statements made by the testatrix, or upon transactions between her and the witness.

[3] Before proceeding to the discussion of this difficult and perplexing question, we think it is important to advert to the rule of construction which the Supreme Court has held is applicable to this statute. Under the common-law rule, no interested witness was competent to testify in a case, and in 1871 (Laws 1870–71, p. 108) the Legislature of this state changed the rule of the common law by the enactment of this statute, in substantially its present form, as to the question before us. It was originally section 2 of the act approved May 18, 1871, and was, in effect, a proviso to the preceding section, which removed the bar of the common law as to witnesses on account of interest. In Leahy v. Timon, supra, the Supreme Court, with apparent approval, cited the cases of Roberts v. Yarboro, 41 Tex. 451, and Markham v. Carothers, 47 Tex. 25, holding that section 2, being a proviso to section 1, should be strictly construed.

We think this rule of construction important in determining the scope of the statute, and the extent to which we are authorized to go in enforcing the supposed policy embodied in this legislation. It restrains us from importing into the statute anything which its language does not clearly comprehend. The words must be taken in their ordinary meaning, and according to their usual signification, and the intent of the Legislature, when so ascertained, must be enforced.

The question, in the form in which it is presented, seems to be a novel one in this state. We have been cited to no Texas case, and we are aware of none, which involves precisely the question of the exclusion of the opinion of a witness, within the purview of the statute, as to mental incapacity, or the converse. The case has been ably briefed by counsel for both sides. Appellants rely chiefly upon Lanham v. Lanham, 62 Tex. Civ. App. 431, 146 S. W. 637; Smith v. Guerre, 159 S. W. 417; In Re Will of Brown, 38 Minn. 112, 35 N. W. 726; Schultze v. Culbertson, 125 Wis. 169, 103 N. W. 234; Estate of

Goldthorp, 94 Iowa, 336, 62 N. W. 845, 58 Am. St. Rep. 400. To these may be added Martin v. McAdams, 87 Tex. 225, 27 S. W. 255, which we will have occasion to briefly discuss later.

The Texas cases mainly relied upon by appellee's counsel are Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606; Clark v. Briley, 193 S. W. 419; Leahy v. Timon, 204 S. W. 1029; and they also cite the following cases from other states, which tend to support their position that the testimony was inadmissible, namely: Trowbridge v. Stone's Adm'r, 42 W. Va. 454, 26 S. E. 365; Eysaman's Will, 113 N. Y. 62, 20 N. E. 617, 3 L. R. A. 599; Davis v. Tarver, 65 Ala. 98; Brace v. Black, 125 Ill. 33, 17 N. E. 67.

A consideration of these authorities, while increasing the perplexities, has led us to the conclusion that appellants' propositions under the fifth assignment of error must at least in part be sustained. We are of the opinion that an interested witness, in such a suit, may testify that, independently of any statements made by the testatrix, or transactions with her, but merely from observation of the decedent's acts, conduct, and physical and mental condition, the witness is of the opinion that the testatrix was sane or insane at the time of the execution of the will; and we will as briefly as may be give the reasons for our holding. In the discussion it will be pretermitted that a nonexpert witness will not be allowed to testify as to the sanity or insanity of a person without detailing the facts underlying the opinion.

The statute precludes the interested party from testifying only as to "any transaction with or statement by the testator." It may be conceded that such transactions or statements are not limited to transactions by the testator with the witness, or statements made by the testator to the witness, but include any transaction with, or statement by, the testator, no matter with whom had nor to whom made. But this hypothesis does not foreclose the question before us. If the opinion sought to be elicited from Mrs. Nimitz and the other appellants was not founded upon any statements by, or transactions with, the testatrix, the statute does not exclude such opinion, nor testimony of the facts upon which the opinion was based.

[4] The facts to which Mrs. Nimitz testified regarding her mother's physical condition during her last illness, including her involuntary expressions of pain and suffering, and her acts and conduct tending to show mental trouble, were not, in the main, either statements by, nor transactions with, her mother, but were facts to which the witness claimed to have knowledge, based solely upon observation. They were chiefly acts, conduct, and conditions uninfluenced by, and not participated in by, the witness, as were

doubtless also many of the facts intimately within her knowledge, through a life-long acquaintance with her mother, which the witness did not undertake to detail. As to such facts, and an opinion based thereon, we do not think they ,can fairly be regarded as transactions with, or statements by, the decedent. They were facts ascertainable from observation alone, and we think Mrs. Nimitz showed herself competent to testify as to the mental condition of the decedent, in so far as her testimony was based upon her observation of decedent, her appearance, conduct, manner, and habits.

After the trial court had ruled that the witness was not competent to express an opinion, based upon the facts she had testified to, her counsel sought to limit the inquiry to her opinion of her mother's mental condition, based upon observation alone, and disregarding any statements by, or transactions with, her mother. The opinion was again excluded, the trial court concluding that the witness could not form an opinion independently of statements made, or conversation had, with her mother. To this conclusion we cannot assent. We express no opinion as to the weight to be given to the opinion and the facts upon which it is based, but only as to the admissibility of the testimony. With the opportunities Mrs. Nimitz had for knowledge concerning her mother's mental condition, based upon observation alone, it cannot·be fairly said that it is impossible for the witness to form an opinion excluding statements made by, or transactions with, testatrix. It seems to be primarily a question of conscience with the witness, and it may usually be safely left to opposing counsel to develop, by cross-examination, the facts underlying the opinion, and to secure an exclusion of testimony made incompetent by the statute, either as to the facts recited or the opinion expressed.

Our holding is substantially in accord with that made by the Supreme Court of Iowa in the case of the Estate of Goldthorp, supra. It was there decided that where the opinion sought to be expressed by a contestant of a will as to decedent's mental condition was largely, if not wholly, based upon conversation with decedent, it is a transaction or communication within the meaning of a similar statute, and inadmissible. In such case it was held that there was no basis for the opinion, except the inhibited facts, and hence the opinion must be excluded. In the same case, however, it was held that the trial court erred in excluding evidence of contestant as to decedent's, mental condition, which was based upon observation and facts, independent of any conversation or communication had with decedent.

In the case of Lanham v. Lanham, supra, the Court of Civil Appeals for the Sixth District held that upon the issue of mental incapacity, and alleged insane delusions by the testator towards his wife, it was competent for the wife, who was the contestant of the will, to testify that while on a train her husband was constantly gazing at her, and that such testimony was admissible upon the issue of insane delusion. In effect, the decision was that such testimony was neither a statement by, nor a transaction with, decedent.

In Martin v. McAdams, supra, which was a will contest, the Supreme Court held that one of the proponents, who was a devisee and the daughter of the deceased, was competent to testify that the will was in her father's handwriting. The proponents also offered to prove the same fact by the husband of such witness, but the testimony was, upon objection, excluded. The Supreme Court held that the trial court erred in this ruling, and stated that "testimony to the opinion of the witness that a certain paper, which is offered as a will, is in the handwriting of the alleged testator, is not testimony as to any statement by him; nor do we think that it is testimony as to any transaction with him." This case was reviewed by the Supreme Court in the recent case of Leahy v. Timon, and the holding referred to was ,not criticised or disapproved.

In Smith v. Guerre, supra, it was held by the Court of Civil Appeals for the Seventh District that the trial court did not err in admitting the testimony of the wife with reference to certain statements made to her by her deceased husband. Upon the authority of In re Brown, 38 Minn. 112, 35 N. W. 726, it was held that the statute did not apply to, or at least did not exclude, such statements. This was not a contested will case, however, but was a suit upon notes and the foreclosure of a vendor's lien upon certain lands belonging to the estate of decedent. The statements of the witness are not set out in the opinion, but we are not inclined to go to the extent indicated by the broad language employed in the opinion in that case. The testimony was admitted upon the issue of mental condition of the deceased, but, if it consisted of statements made to the surviving wife, it is difficult to understand upon what ground it was held not to be within the statute.

In view of the language of our statute, we are not willing to go to the extent indicated by the Supreme Court of Minnesota in the case of In re Brown, that "verbal acts were, equally with his physical actions, competent for the purpose of proving the mental condition of the testator."

Some of the other cases mentioned above seem to support appellants' contention upon a consideration of similar statutes, but we do not think it necessary to discuss them.

The authorities cited by appellee from this state are not regarded as in point upon the question at issue. They all relate to either declarations by the decedent to the interested

witnesses, or transactions with them, and do not show a case where an opinion of mental incapacity was sought to be shown by the opinion of the witness, based upon facts the knowledge of which was gained by observation alone. The cases from other states, however, notably, Trowbridge v. Stone's Adm'r, Eysaman's Will, Davis v. Tarver, and Brace v. Black, supra, were cases which involved the admissibility of opinions of interested witnesses under similar statutes, and the holdings are substantially to the effect that, under the policy of the statutes, such witnesses are incompetent to testify to the conduct and actions of decedent, tending to show enfeebled physical and mental condition, or to statements by decedent, although not addressed to the witness and made in ignorance of his presence. These cases are all strongly reasoned, and support, to some extent at least, appellee's contention that the testimony of Mrs. Nimitz and the other appellants was inadmissible. We think, however, that too much stress is laid upon the supposed policy of the statute in each of these cases. The statute does not, in terms, undertake to exclude all testimony which, if the testator were living, he might contradict. If such had been the intent of the Legislature, it would have been easy to express such policy in general terms; but we have seen that the Legislature did not, by this statute, exclude anything except transactions with, and statements by, the testator. If the witness knows of facts, upon which to express an opinion, which do not constitute either transactions with, or statements by, the decedents, it seems clear to us that it would broaden the scope of the statute, and declare a policy, not supported by the language of the act, to hold the testimony inadmissible. Expressions in some of these cases would indicate that they have gone to this extent, although differences in the language of the statutes involved might account for the apparent broadening of the legislation by judicial construction. At all events, we are not disposed to follow the line of authorities cited by appellee, but believe the better view is expressed by the Iowa court and other cases cited by appellants. Especially are we led to this conclusion by the holding of our Supreme Court in Martin v. McAdams, and of the Court of Civil Appeals for the Sixth District in Lanham v. Lanham.

The issue in Martin v. McAdams was forgery, and it was unmistakably held that one of the proponents was competent to testify that the will was entirely in her father's handwriting. While it is true that this was a matter as to which other witnesses not interested might have testified, it was a vital question, and the testator, if alive, might have testified that the will was a forgery, and have contradicted the opinion of the witness. She offered to testify to her opinion, which necessarily must have been based upon facts claimed to be within her knowledge. If that knowledge was derived from statements by her father, or transactions with him, it would clearly have been inadmissible. Therefore it must have been assumed that she was testifying to a knowledge based upon observation alone, for it was expressly held that her opinion involved neither a transaction with, nor statement by, decedent. While it appeared in that case that there were living witnesses, competent to testify to the handwriting of the testator, and to contradict the opinion of the interested witnesses who offered their testimony, there is no intimation in the opinion that the admissibility of the opinion of the daughter would depend upon the fact that there were living witnesses who might contradict the testimony. In every-day life there may easily be cases in which the handwriting of a testator is best known, and perhaps only, by immediate relatives, or the heirs at law; and we understand the effect of the decision in Martin v. McAdams to be that in such a case the statute does not exclude the opinions of interested witnesses.

In Lanham v. Lanham the testimony which was held to be admissible related to the conduct and actions of the testator in the presence of the wife upon a train. It involved a matter within the observation of the witness, and the holding was a recognition that the statute did not exclude such matters.

It follows from what has been said that this case must be reversed, and perhaps we have sufficiently indicated the scope of our ruling on the questions discussed. However, we will summarize by stating that if upon another trial Mrs. Nimitz should undertake to state her opinion, based upon facts ascertained from observation alone, and relating only to the physical and mental condition of her mother at or about the time of the making of the will, and her acts, conduct, and appearance, not involving statements by, or transactions with, her, the testimony should be admitted, in so far as the objections heretofore made are concerned.

[5] As to the opinions of the other contestants, we cannot tell how far they are affected by our holding, because their testimony is not set out in the brief, and we are neither required nor inclined to go to the statement of facts nor to the transcript for the testimony shown in the bills of exception; however, they will be subject to the same rules as are applicable to Mrs. Nimitz's testimony.

[6] Another ground of alleged error is predicated upon the action of the trial court in permitting a 14 year old girl, not a party to the suit, nor an interested witness, to give her opinion that Mrs. Holland was sane at or about the time she made her will. We have considered the facts upon which this witness based her opinion, and have concluded that the objections that she was a child, and not competent to testify on a

question of sanity or insanity, and that she could give no facts upon which to base an opinion, are unfounded. The objections go to the weight, rather than to. the admissibility, of the testimony, and we hold that the trial court did not err in admitting the opinion of this witness.

[7] It is also claimed that the court erred in refusing to permit Mrs. Nimitz to testify that when her mother was brought to San Angelo during her last illness no preparations had been made to take care of her at appellee's house, where she was taken, and that Robt. Holland's wife was unkind to Mrs. Holland and neglected her. This testimony was offered as circumstances tending to show that the will made in favor of Robt. Holland was an unnatural will, and tended to prove the insanity of decedent. It is our view that this testimony, while perhaps of slight weight, was admissible. They were circumstances tending to prove the issues named, and, under the liberal rule obtaining in such cases, were, we think, competent testimony. We sustain the assignment that the exclusion of this testimony was error.

[8] It is next claimed that the trial court erred in refusing to permit Mrs. Nimitz to testify as to the value of the community property belonging to her mother. Upon examination of the testimony set out in the bill of exception explaining the ruling, we have concluded that the trial court did not err in this particular. Mrs. Nimitz did not show herself sufficiently qualified to testify as to the market value of the property. It appears that there were other witnesses who had investigated this matter, and that reliable testimony as to value could readily be obtained from other sources, and for this reason we are not inclined to hold that the trial court abused its discretion in such ruling.

Appellants further complain of the refusal to give a special charge upon the issue of undue influence, requested by appellants, and of the charge which was given by the court upon that issue. We are inclined to the view that the charge requested by appellants was a better exposition of the law upon this subject than the one given in the court's charge, but we do not regard the error, if any, such as would necessitate a reversal of the case. The charge given by the court might be subject to the criticism made by appellants, and, if upon another trial there should be sufficient evidence to make the issue of undue influence, we suggest that the court reframe its charge. There are a number of authorities cited in appellee's brief, announcing settled rules, and which will suffice as a basis for an approved charge on the subject.

[9] The next assignment complains of the court's refusal to instruct the jury to disregard certain statements made by appellee's counsel in argument. There would appear to be some ground for this contention, according to the statements in the respective briefs; but the trial judge has wide latitude in controlling the argument, and only a flagrant abuse of such discretion will authorize the reversal of a case. We are unable to say that the ruling of the court, in any event, constituted reversible error. It is believed that the trial court will not, upon another trial, permit argument which is not authorized by the evidence in the. case, nor by fair inferences from the testimony.

[10] Appellants' last contention is that the court erred in permitting the proponent to testify that he never said anything to his mother with reference to making the will. It is urged that the admission of this testimony was, in effect, permitting the witness to testify to a transaction and statements and conversation with his mother. We do not understand that such testimony comes within the prohibitions of the statute. It was purely negative in character, and did not tend to prove any statement by decedent, nor any transaction with her, but the object of the testimony was to establish that no such transaction occurred. Potter v. Wheat, 53 Tex. 401; Mast v. Tibbles, 60 Tex. 305; Adams v. Sanger, 77 S. W. 954. Therefore the thirteenth assignment will be overruled.

For the reasons given, this case will be reversed and remanded for another trial.

Reversed and remanded.