### KING v. KING'S UNKNOWN HEIRS.
### No. 1357—5498.

Commission of Appeals of Texas, Section A.
Feb. 4, 1931.

Winfree & Weslow, of Houston, for plaintiff in error.

Midkiff & Green, Miller & Hopkins, and W. K. Hopkins, all of Gonzales, for defendants in error.

SHARP, J.

We refer to the opinion of the Court of Civil Appeals for the Fourth Supreme Judicial District for a statement of the nature and result of this suit. 16 S.W.(2d) 160.

We will refer to the parties to this suit as they were designated in the trial court.

Whether the court erred or not, in the exclusion of evidence offered by the plaintiff, is the decisive question on this appeal. The following are the items of evidence which were offered and, on objections by the defendants, excluded by the court; the evidence so excluded by the trial court being as follows, to wit:

(a) Plaintiff offered to prove by the witness, B. W. Whisenant, statements made by Guy H. King, deceased, with reference to Guy H. King calling Paula King his wife, and acknowledging her for his wife, and holding her out to his friends as his wife.

(b) Plaintiff offered to prove by Jose Ortiz statements made by Guy H. King, deceased, wherein he stated that Paula Soso King was his wife, and also offered to prove by Guadalupe Soso Ortiz statements made by Guy H. King, deceased, with reference to Paula King being his wife.

Defendants objected to the evidence offered above for the following reasons:

To the testimony of the witness B. W. Whisenant the objection was urged that his testimony was inadmissible because he had an assignment of interest claimed by plain-

tiff, Will King, and would have an interest in the property involved in this suit, provided plaintiff prevailed.

To the testimony of Jose Ortiz objection was made thereto, because of the fact that the witness was the husband of Guadalupe Ortiz, the daughter of Paula King, deceased, and the brother-in-law of the plaintiff, and that therefore his wife would inherit a community interest in the estate of Guy H. King, deceased, if plaintiff prevailed.

To the testimony of Guadalupe Soso Ortiz objection was made thereto, because Guadalupe Ortiz was the daughter of Paula King, deceased, and if plaintiff recovered in this suit, she would have an inheritable interest in the estate of her deceased mother, Paula King.

The further objection was made to the testimony of all the foregoing named witnesses, because same was inadmissible under article 3716, Revised Civil Statutes of Texas.

The Court of Civil Appeals, among other things, held that the trial court did not err in excluding the foregoing testimony, and held in effect that such testimony of the witnesses, although not parties to the suit, "comes squarely under the ban of article 3716." It is contended by plaintiff that the testimony of the foregoing witnesses did not fall within the letter nor the spirit of article 3716, and therefore was admissible. It is undisputed that the foregoing witnesses were not parties to this lawsuit, either by name or representation, and it is our opinion that this statute does not apply to a person who is not a necessary, proper, or actual party to a suit.

Article 3714 reads as follows:

"No person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried."

Article 3716 reads as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It seems to be the policy of our Supreme Court to strictly construe the language contained in article 3716, supra, and is not inclined to extend its construction beyond the plain language and meaning contained therein. In the case of Martin v. McAdams, 87 Tex. 225, 27 S. W. 255, it was sought to establish a holographic will, and it was offered to prove by Lula Thomas, one of the devisees, and a daughter of the deceased, and one of the applicants for the probate of the will, that the instrument offered for probate was wholly in the handwriting of her father. The same fact was offered to be proved by the husband of Lula Thomas, who was also a party in the proceeding. The evidence was objected to on the ground that the witnesses were incompetent to testify to that fact, and was excluded. The court reversed the case because of the error in excluding the testimony, and Judge Gaines, in rendering the opinion for the court, after reviewing the articles above described, says:

"The question, therefore, narrows itself down to the point whether the rejected testimony comes within the exception which is contained in the following article of the Revised Statutes: (Here follows Art. 3716) This court, in construing the second section of the original act, held that the exceptions therein provided for would not be extended by construction to parties not designated by its language. Roberts v. Yarboro, 41 Tex. 449. The court, in the opinion in the case cited, quote with approval the following language of Judge Story in United States v. Dickson, 15 Pet. 165 [10 L. Ed. 689]: 'When the enacting clause is general in its language, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fully within its terms.' We think that the rule so announced has been generally applied by this court in construing the statute, and it applies as well to the subject-matter of the evidence, that is to say, to the fact to be proved, as to the person who is offered as a witness to testify to it. We may concede that the witnesses whose testimony was excluded in this case were so related to the issue to be tried as to exclude them from testifying as to any transaction with or statement by the deceased whose will was sought to be established, and yet we have the question whether the testimony offered was of such a nature as to fall within the terms of the statute."

In the case of Leahy et al. v. Timon et al., 110 Tex. 73, 215 S. W. 951, 954, in a very able and exhaustive opinion by Judge Greenwood, who reviews the history of article 3716 and the leading opinions of the various courts construing that article, says:

"The questions we have considered depend entirely on the relation of the parties—witnesses to the issues tendered; that is to say, on whether they were parties and witnesses in a suit which is an action arising out of a transaction with the decedent, in the light of the issues tendered. Such questions were excluded from consideration before the court made the pronouncements in Martin v. McAdams, claimed to require the admission of the excluded testimony. For the court, in the opinion of Judge Gaines, prefaced such pronouncements with the statement that they.

were made in answer to the question as to whether the testimony there under consideration fell within the terms of the statute, upon the concession 'that the witnesses whose testimony was excluded in this case were so related to the issue to be tried as to exclude them from testifying as to any transaction with or statement by the deceased whose will was sought to be established.' 87 Tex. 227, 27 S. W. 255. Manifestly a· decision made on the assumption that the statute applied to a certain action cannot be decisive that the statute does not apply to such action."

Portions of the opinions in the cases of Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441; Grelle v. Grelle (Tex. Civ. App.) 206 S. W. 114, and Byrnes v. Curtin (Tex. Civ. App.) 208 S. W. 405, 407, which conflict with . the opinions of the Supreme Court in the Leahy v. Timon Case, were overruled, and Judge Greenwood summed up the holding of the Supreme Court as follows:

"Plaintiffs in error urge that in no event should the testimony of Cecelia Leahy's husband, Phillip Leahy, to statements by Mrs. Timon to him, have been excluded.

"Phillip Leahy was a party to the suit, and as such comes within the prohibition of the statute that 'neither party shall be allowed to testify against the other' to specified statements and transactions 'unless called to testify thereto by the opposite party.' "

This rule and construction of the foregoing statute is further upheld in the case of Mitchell v. Deane (Tex. Com. App.) 10 S.W.(2d) 717. See Lassiter v. Bouche et al. (Tex. Com. App.) 14 S.W.(2d) 808. However, it is not the intention of this opinion to question the sound rule laid down by our Supreme Court in the case of Simpson v. Brotherton, 62 Tex. 170.

We sustain the assignment that the trial court erred in excluding the testimony of the foregoing witnesses, and the Court of Civil Appeals erred in affirming same. Since the case will be reversed and remanded for a new trial, we forego a consideration and discussion of the other assignments, because they will not likely arise upon another trial.

We therefore recommend that the judgment of the Court of Civil Appeals and the trial court be reversed, and that this case be reversed and remanded to the trial court for a new trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.