**DITTO INVESTMENT COMPANY,**
Appellant,

v.

**James DITTO, Jr., Independent Executor of the Estate of James Ditto, Sr., Appellee.**

No. 15835.

Court of Civil Appeals of Texas.

Fort Worth.

May 3, 1957.

Rehearing Denied June 7, 1957.

McGown, Godfrey, Logan & Decker, and Winfred Hooper, Jr., Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Jack C. Wessler, Fort Worth, for appellee.

BOYD, Justice.

Appellant Ditto Investment Company, a corporation, sued appellee James Ditto, Jr., executor of the estate of James Ditto, Sr., deceased, alleging that it was the assignee and owner of a claim against the estate of the deceased which had accrued to Dr. H. Howard Ditto for medical services rendered by him to the deceased, and sought judgment for the amount of the claim and for attorneys' fees. From a take nothing judgment, appellant appeals.

There was a former appeal by this appellant from a summary judgment in favor of appellee. It is reported in Ditto Investment Company v. Ditto, Tex.Civ.App., 293 S.W.2d 267.

After a jury had been empaneled and sworn, appellant offered Dr. Ditto as a witness to prove up the claim, but his testimony was excluded by the court on the ground that he was disqualified from testifying under the provisions of Article 3716, Vernon's Ann.Civ.St. After objections to his testimony were sustained, appellant declined to offer further evidence, whereupon the court discharged the jury and rendered judgment for appellee.

Findings of fact separately from conclusions of law were filed by the court. It was found that: Dr. Ditto was a nephew of deceased and performed medical services to deceased "upon which this suit is based"; he was told by counsel that he was incompetent to testify to transactions with deceased, and "said attorneys advised the witness to transfer the claim to his wife, and then, have his wife transfer it to a corporation created for that purpose, so that Dr. Ditto could testify to his transactions with the deceased"; Dr. Ditto gave his wife a check upon a joint account of himself and wife for $260, for the purpose of forming appellant corporation; after the corporation was formed, he "made a transfer of the claim, the subject matter of this suit, to his wife, * * * as a gift, but no gift tax was paid and no federal gift tax return was made * * * by reason of this gift"; immediately after the "assignment" by Dr. Ditto to his wife, the claim was "assigned" by the wife, joined by her husband, to appellant, but no consideration passed to Dr. Ditto or his wife for such transfer; the only asset that appellant

has "is the amount paid for the capital stock by Princess H. Ditto and the claim which is the subject matter of this suit"; the gift of $260 by Dr. Ditto to his wife "was upon the express condition that such money be used in the formation of the plaintiff corporation" and the gift from Dr. Ditto to his wife "of the claim, the subject matter of this suit, was upon the condition that such would be, in turn, transferred" to appellant; these transactions were for the purpose of relieving Dr. Ditto from the prohibition of the statute against his testifying as to transactions with deceased; Dr. Ditto agreed to pay his attorneys, who are the attorneys representing appellant, the attorneys' fees sought to be recovered in this suit; the transfer of the claim from Dr. Ditto to his wife, and from her to appellant, was made for the purpose of relieving Dr. Ditto from the application of the statute; these transactions were carried out in the office of witness' attorneys; the transfer of the claim from the witness to his wife, and from her to appellant, did not divest the witness of his beneficial interest in the claim, "and this was a simulated transaction because it was made for the sole purpose of evading the statute, Article 3716"; Dr. Ditto still has an interest in the claim and is a real party at interest herein. The court concluded that Dr. Ditto was incompetent to testify to transactions with deceased.

Dr. Ditto would have testified that: he gave the claim to his wife as her separate property and estate, without any warranty; he gave it to her on the advice of counsel in order to enable himself to testify; his wife owns all the stock of appellant; the money for the stock came from the proceeds of the $260 check which he drew on their joint account; he owns no interest in the stock of the corporation; his wife paid him nothing for the claim, and the corporation paid her nothing for the claim; the medical services which he performed for deceased were performed at the request of deceased and the charges therefor were reasonable. The transfer of the claim from the witness to his wife, and the assignment by the wife, joined by her husband, to appellant, were in writing and appear in the record.

■ We have reached the conclusion that the findings do not support the judgment.

It seems clear that the court found that the title to the claim passed from Dr. Ditto to his wife.

■ It was found that Dr. Ditto "made a transfer of the claim, * * * to his wife, * * *." "The common use of the word 'transfer' is to denote the passing of title in property, or an interest therein, from one person to another, and in this sense the term means that the owner of property delivers it to another person with the intent of passing the rights which he had in it to the latter." 87 C.J.S., Transfer p. 892.

■ It was found that immediately after the "assignment" by Dr. Ditto to his wife, the claim was "assigned" by her, joined by her husband, to appellant. "The word 'assignment' has a comprehensive meaning, and in its most general sense is a transfer or making over to another of the whole of any property, * * * or of any estate or right therein." 6 C.J.S., Assignments § 1, p. 1045. "* * * An 'assignment' is the act by which one person transfers to another, or causes to vest in another, his right or property, or an interest therein; and unless in some way qualified, it is properly the transfer of one's whole interest. * * *" 5 Tex. Jur., p. 4, sec. 2.

■■ If for any reason it be held that the findings that the claim was "transferred" to Mrs. Ditto, and came to her by an "assignment," do not amount to a finding that Mrs. Ditto acquired ownership of the claim, it would seem that the further finding that the transfer of the claim to her was a gift removes all doubt about the

question. A gift inter vivos "is a contract which takes place by the mutual consent of the giver, who divests himself of the thing given in order to transmit the title of it to the donee gratuitously, and the donee, who accepts and acquires the legal title to it; * * *." 38 C.J.S. Gifts § 3, p. 781. The fact that Mrs. Ditto paid nothing for the claim is immaterial. In fact, had she done so it could not have been a gift. Janes v. Gulf Production Co., Tex.Civ. App., 15 S.W.2d 1102, error refused.

Moreover, the court further found that the only asset appellant has "is the amount paid for the capital stock by Princess H. Ditto and the claim which is the subject matter of this suit." If the claim is an asset of appellant corporation, Dr. Ditto does not own it.

If the property passed to Mrs. Ditto as a gift, it thereupon became her property as much so as if she had bought and paid for it. There is no finding or evidence that she ever retransferred, reassigned, or otherwise reconveyed it to her husband. When she assigned it to appellant, the title did not reinvest in Dr. Ditto. Mrs. Ditto owned all the stock of the corporation. The finding that the transfer of the property from Dr. Ditto to Mrs. Ditto as a gift conflicts with the finding, or conclusion, that such transfer did not divest Dr. Ditto of his beneficial interest in it.

 Where there is a conflict between a specific finding of fact and a general finding, the specific finding controls; and where there is a conflict between a finding of fact and a conclusion of law, the fact finding controls. Howth v. French Independent School Dist., Tex.Civ.App., 115 S.W.2d 1036, affirmed, French Independent School Dist. v. Howth, 134 Tex. 211, 134 S.W.2d 1036.

The finding, or conclusion, that the witness still has an interest in the claim is not buttressed, but is undermined, by the specific finding that he had transferred, assigned, and given it away.

The general rule is that an interested party is competent to testify. The statute in question is in derogation of that general right, and will be strictly construed. The courts will not extend the inhibition to persons not included in the statute. Parties to a suit, or owners of an interest in the subject matter, come within the terms of the statute. Former owners of the subject matter do not. Roberts v. Yarboro, 41 Tex. 449; Martin v. McAdams, 87 Tex. 225, 27 S.W. 255; King v. King's Unknown Heirs, Tex.Com.App., 34 S.W.2d 804; Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291. Appellant raises the point, and it is sustained.

Since we believe that the judgment is not supported by the findings, it is reversed and the cause remanded.