In re ESTATE OF Edna S. WATSON, Deceased.

No. C–5228.

Supreme Court of Texas.

Dec. 3, 1986.

Chris Wallendorf, Comfort, for petitioner.

Judith R. Blakeway and John M. Pinckney, III Matthews & Branscomb, San Antonio, for respondent.

ROBERTSON, Justice.

This case involves interpretation of the scope of TEX.REV.CIV.STAT.ANN. art. 3716 (Vernon 1926) (now amended in Rule 601(b), TEX.R.EVIDENCE), "the Dead Man's Statute," with respect to letters written by the decedent to the proponent of a will in a will contest case.

Edna S. Watson died testate, and her will was admitted to probate. The will named her sister, Irma S. Rozelle, as independent executrix as well as primary beneficiary to the substantial exclusion of other heirs.

Thus, respondents A. Merrill Smith and the other heirs at law brought this contest alleging (1) lack of testamentary capacity; and (2) undue influence on the part of Mrs. Rozelle. At trial, Mrs. Rozelle sought to introduce 81 letters in order to show the love and affection between the sisters and to rebut evidence of long term and continued hostility brought forth by respondents. The letters were written by the decedent between 1968 and 1973, and were addressed to Mrs. Rozelle's residence in Boerne. After a stipulation by counsel for respondents that the letters were from the decedent to Mrs. Rozelle during the time period mentioned, the trial court ruled that the letters were inadmissible under the Dead Man's Statute. The jury found that the testatrix did have testamentary capacity, but also found that Rozelle had exerted undue influence. Thus, the probate order was revoked and the estate devolved according to descent and distribution under the Probate Code. The Court of Appeals, in an unpublished opinion, affirmed the trial court judgment.

■ While article 3716 has been amended since the trial here, at the time the statute provided that:

> In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent.

The purpose of the statute is to ensure fairness by prohibiting the testimony of a living party regarding a transaction and/or statement by the deceased whose death precludes rebuttal. *Adams v. Barry,* 560 S.W.2d 935, 937 (Tex.1978). By its very terms, the statute does not bar admission of "transactions" or "statements" by the deceased, merely *testimony* by any party as to such acts. The Dead Man's Statute is concerned only with the capacity of a witness to testify as to a particular matter, rather than with admissibility of the evidence of the transaction itself. The letters offered in this case were for the sole purpose of showing the mental attitude and affection between the parties. Since no testimony was presented by the proponent as to the circumstances, purposes or contents of the letters, there was no reason to invoke article 3716. In addition, the letters were not offered for the truth of the matters asserted within, therefore there are no hearsay problems.

■ Letters from a decedent describing warm feelings towards a beneficiary have been upheld as admissible by several Texas courts, despite objections on grounds of article 3716. *Sparkman v. Massey's Estate,* 297 S.W.2d 308, 311–12 (Tex.Civ.App. —Dallas 1957, writ ref'd n.r.e.); *Jones v. Selman,* 109 S.W.2d 1003, 1008 (Tex.Civ. App.—Waco 1937, writ dism'd); *see also Stewart v. Shoemake,* 225 S.W.2d 873, 876 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.) (portion of will pertaining to relationship between decedent and his children does not violate article 3716 because no testimony was required by any party to prove the will was a declaration of the testator). These types of letters are particularly useful when, as here, there are contentions that animosity existed between the parties in the years preceding the execution of the will.

Respondents also argue that even if the letters do not fall under the Dead Man's Statute, Mrs. Rozelle could neither properly authenticate nor supply the essential foundation necessary for admission. This argument is without merit for several reasons. First, it is clear from the record that counsel for the respondents stipulated that the letters were from the decedent to Mrs. Rozelle during the time period specified. Counsel stated that he was stipulating only so that a ruling could be made on admissibility under the Dead Man's Statute, and noted that he planned to require authentication if the letters were held to be gener-

**808**

ally admissible. With this stipulation in the record, we fail to see how respondents could prevent proper authentication. Secondly, it has long been the rule in this court that there is a distinction between testimony about a statement or transaction with the deceased and a mere identification of his signature or handwriting. *Adams v. Barry,* 560 S.W.2d 935, 937 (Tex.1970); *Martin v. McAdams,* 87 Tex. 225, 227, 27 S.W. 255, 256 (1894).

■ Therefore, Mrs. Rozelle would not be barred from testifying that it was her sister's handwriting in the letters. Furthermore, even if Mrs. Rozelle could not testify for some reason, Texas Rules of Evidence 901(b) provides a variety of methods to authenticate a writing including (1) testimony by a non-expert witness who has familiarity with the handwriting; (2) testimony by a handwriting expert; and (3) comparison by the trier of fact with other writings which have been found to be genuine. The presence of the stipulation and contrary case law and rules make an overwhelming showing that respondents' contention on this point is erroneous.

■ Smith asserts that even if it was error to exclude the letters, this does not amount to reversible error because the letters were merely cumulative of other evidence. The evidence excluded was not cumulative, and, in fact, was the strongest possible rebuttal to the circumstantial evidence of undue influence and antagonism. It would have been the duty of the trier of fact to determine if the letters did or did not provide sufficient evidence to overcome the assertion of undue influence. Because of the error in the trial court, however, the jury was not allowed to consider a substantial and crucial part of Mrs. Rozelle's evidence. This error is reversible error, as it amounts to such a denial of the rights of Mrs. Rozelle as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in this case. TEX.R.APP.P. 184, effective September 1, 1986 (formerly TEX.R.CIV.P. 503 [Vernon 1985]).

The trial court's finding of testamentary capacity was not appealed, therefore, any objection to it is waived and the determination of that issue is final. We reverse the judgment of the court of appeals and remand the cause to the trial court for a new trial.