William Potter v. Samuel D. Wheat.

*(Case No. 3344.)*

1. Charge of court.— When, upon an issue pending before a jury, there is evidence in favor of either party, it is error for the court to charge the jury to return a verdict against such party, even though the weight of evidence may be against him.

2. Evidence.— The statute does not disqualify a party to a suit by an administrator from testifying in the cause, except as to a transaction with, or statement by, the intestate. (Rev. Stat., art. 2248.) In such a suit the defendant may testify as to what he himself had done under and by virtue of a contract with the intestate.

Appeal from Bell. Tried below before the Hon. E. B. Turner.

Samuel D. Wheat, as the administrator of Samuel Wheat, Sr., filed his suit in the district court of Bell county, August 20, 1873, against William Potter, alleging that Wheat, Sr., sold and conveyed to Potter a certain tract of land, on the 19th of September, 1864, the metes and bounds of which were set forth in the petition; that as the consideration, Potter executed an instrument in writing to Wheat, by which he agreed with Wheat to sow all the land in cultivation on the tract in wheat, from year to year, and the wheat raised on the land was to be

the property of Samuel Wheat until he had realized from that source twelve hundred dollars. The wheat was alleged to have been worth one dollar and a half per bushel at the time the contract was made, and from thence to the bringing of the suit; and that Potter had paid on the contract only four hundred and ninety-three bushels of wheat and one hundred dollars in gold, which was credited on the note; that the balance he refused to pay, and damages were alleged to be nine hundred and sixty-one dollars and fifty cents, with interest from 25th of July, 1864, at eight per cent. Petition alleged a vendor's lien, and prayed for damages and foreclosure of lien on the land described in the petition.

The original petition made the heirs of Samuel Wheat, Sr., parties plaintiff with the administrator.

There was a general demurrer, and upon the hearing the court sustained the objection made under the demurrer, that the heirs were not necessary parties, and the suit proceeded in the name of the administrator, as sole plaintiff. No other order was made on the demurrer.

For answer, defendant pleaded:

1. General denial.

2. Payment generally.

3. A plea admitting the contract, as stated in the petition, denying that wheat was worth the price alleged in the petition; that it was understood between the parties the value of the land was twelve hundred dollars, and wheat was worth one dollar per bushel; that the contract might be discharged by paying twelve hundred dollars; that at the instance of Wheat, Sr., he delivered to him five hundred and ninety bushels of corn, at fifty cents per bushel, in part payment of the contract; and in 1868 he delivered to Wheat, Sr., one hundred and seventy bushels of wheat, on the contract, at one dollar per bushel; and for hauling said wheat, etc., Wheat, Sr., was to pay him eleven dollars.

Defendant alleged also that Wheat, Sr., represented to him that the tract contained a certain number of acres, but, in fact,

it contained thirty-four acres less than was represented; that these thirty-four acres were specially valuable to him, and were worth six hundred and eighty dollars; that one R. G. Hampton sued for the thirty-four acres, and recovered them from defendant; and that Wheat, Sr., was and is liable to pay him $307.43, the costs paid by him in that suit. He alleged that he had to move his houses, lots and pens, and was damaged thereby in the sum of three hundred dollars. Defendant pleaded these aggregate sums, amounting to $1,709.43, in set-off and reconvention.

The judge charged the jury that the defendant had failed to show that he had been evicted from any portion of the land, and that he was entitled to no deduction on that ground; instructing them to return a verdict for the amount due on the note, and to find whether the same was due as purchase money for the land. Verdict for $706.42, and that the amount was due, as purchase money, for the land described in plaintiff's petition.

The deed from Wheat to Potter conveyed two tracts of land, each by separate metes and bounds; the one known as the Wheat pre-emption, the other represented as being fifty-nine and a half acres out of Wiley Jones' league, contiguous to and immediately south of the Wheat pre-emption; the two tracts calling to begin at the same point — the southeast corner of the E. Davis labor, on the north line of the Wiley Jones league.

The plaintiff, Sam. D. Wheat, testified his understanding was that the fifty-nine and a half acre tract was south of Potter's house and out of the Wiley Jones league, and that the south line of the Wheat pre-emption ran immediately south of Potter's house.

Wm. Potter, the defendant, testified that the south line of the Wheat pre-emption is marked, and its southeast and southwest corner easily identified; that its south line runs immediately south of his house, and the fifty-nine and a half acre tract calls to adjoin the Wheat pre-emption on the south, and to be out of the Wiley Jones league, and that the thirty-four

acres recovered of him by Hampton is a part of said fifty-nine and a half acre tract.

W. T. Rucker testified that he had surveyed the fifty-nine and a half acre tract described in the deed from Wheat to Potter, and had found the corner of the Wheat pre-emption on the north line of the Wiley Jones league; that if the fifty-nine and a half acre tract is out of the Wiley Jones league, and adjoining the Wheat pre-emption, as called for in the field notes, it will include the tract of land recovered by Hampton from Potter; that the tract so recovered in the suit of Hampton *v.* Potter was about thirty-four acres lying immediately south of and adjoining the Wheat pre-emption, and is in the Wiley Jones league, immediately below the north line of the same; but that to run out the fifty-nine and a half acre tract, according to the natural calls and calls for distance in the field notes, it lies almost entirely within the Wheat pre-emption and will not include said thirty-four acres recovered by Hampton from Potter.

The testimony of Potter was offered to show as a fact what disposition he had made of the corn raised upon the land under his contract. This was excluded, and Potter excepted. Other facts are stated in the opinion.

*A. J. Harris* for appellant.

I. There was evidence to support the defense set up of eviction, and it was error for the court to charge the jury to find for the plaintiff, even though the weight of evidence may have been against him. Gilkey *v.* Peeler, 22 Tex., 669; Steagall *v.* McKellar, 20 Tex., 268; Walling *v.* Kinnard, 10 Tex., 509; York *v.* Gregg, 9 Tex., 85; Andrews *v.* Palmer, id., 491; Stewart *v.* Insall, id., 397.

II. The testimony offered and excluded was not of a *transaction* with the deceased, but as to an independent fact, viz.: Whether Potter had consumed the corn or stored it subject to the order of his creditor was legitimate, and should have been admitted by the court.

III. While the record shows no proof as to any special value

of the thirty-four acres of land recovered by Hampton from Potter, still its value can be gathered from the whole purchase price, as shown by the obligation sued on; and the proof showed that the land purchased by Potter was short thirty-four acres at least, whether recovered by Hampton or by error in description, and the court ought to have granted a new trial.

*Sleeper, Jones & Kendall* for appellee.

I. If there is no evidence to support the defense set up by the defendant, it is proper for the court to charge the jury to render a verdict for the plaintiff for the amount which the plaintiff shows he is entitled to by the proof. The evidence of the plaintiff established the contract sued on, and that it was executed for the land described in the petition, and that wheat was worth from seventy-five cents to a dollar and a half a bushel from the date of the contract to the institution of the suit. Defendant proved that Samuel Wheat's deed was a warranty deed to him for three hundred and seventeen and seven-tenths acres of land, in two tracts adjoining each other, one of which contained fifty-nine and a half acres of land. The defendant testified that the thirty-four acres recovered from him by Hampton, in the case of Hampton v. Potter, was included within the fifty-nine and a half acre tract. W. T. Rucker testified that he had surveyed the fifty-nine and a half acre tract under order of the court; that if the tract is surveyed according to the natural calls and calls for distance, as they are found on the ground by actual survey, it lies almost entirely within the Wheat pre-emption, and includes none of the land recovered by Hampton from Potter.

II. The court did not err in excluding the testimony referred to in the bill of exceptions. 21 Tex. 465; Benj. on Sales, 2, 63–4, 462; Addison on Con., secs. 568, 569, 575, pp. 135, 139, and note 1, 140, 149; 2 Parsons (ed. of 1858), 158, and following.

GOULD, ASSOCIATE JUSTICE.— We are unable to see that the court was justified in charging the jury that defendant "had failed to show that he was evicted from any of the lands sold to him by Wheat," and in effect withdrawing from the jury the question of deficit in the fifty-nine and a half acre tract.

The court seems to have regarded the testimony of the surveyor locating the fifty-nine and a half acre tract "according to the natural calls in the field notes, which are all to be found on the ground as called for," as conclusively establishing the true location of that tract, notwithstanding that conclusion is repugnant to the call "for the survey on which the land is situated," to the calls for course and distance, and repugnant to the preceding part of the deed conveying what is termed the Wheat pre-emption, in that it makes the deed convey a second time a part of the same pre-emption, and notwithstanding other opposing testimony as to the understood locality of the fifty-nine and a half acre tract. Ragsdale v. Robinson, 48 Tex., 379.

It is difficult to understand how the parties could have been so mistaken, and if they were so mistaken as to the land, it would seem that the defendant was entitled to have the defense of deficit in the fifty-nine and a half acre tract submitted to the jury. The evidence is stated very briefly, and possibly the case is not before us as it was presented to the court below. Passing upon the case as we find it, we are of opinion that the court erred in withdrawing from the jury the question of defendant's right to deduction on the ground of eviction from the land.

Another question grows out of the exclusion of evidence, thus stated in the bill of exceptions:

"Defendant offered to prove by William Potter, defendant, that in pursuance of a special contract made between Samuel Wheat, Sr., and defendant, he, the said defendant, raised five hundred and ninety bushels of corn on the tract of land which, by the contract, he was to plant in wheat, and that he put the same up in cribs, securely protected from the weather, subject

to the order of the said Wheat, and so kept the same until it was entirely destroyed by the weavil; which testimony was excluded by the court; to all of which rulings of the court the defendant, by counsel, excepts, and tenders this bill of exceptions, and asks that the same may be allowed and made a part of the record in this case, which is accordingly done.

"This is correct except in this: The ruling was that as between parties where administrator was plaintiff or defendant, the statute prohibits them testifying in their own behalf, and the effort to show what had been done with corn raised that year, in order to show payment, was rejected; there was no evidence as to how the corn was to be handled or delivered after being made; and it was in proof that plaintiff's ancestor left early in the year and did not return, having died abroad.

"E. B. TURNER,

[SEAL]                                *"Judge presiding."*

It was proved that by the original contract Potter was to plant in wheat, from year to year, the land then in cultivation, and the entire crop of wheat, when raised, was to be the property of the vendor, Wheat, to whom it was to be delivered from the thresher until he received the sum of twelve hundred bushels.

Alexander Walters testified that he heard Samuel Wheat say that the land he had sold to Potter had become foul, and he had agreed that Potter should plant it in corn; and that he was to take the corn on the place instead of the wheat.

Potter testified that the year Samuel Wheat, Sr., left for eastern Texas he planted same land in corn, and raised thereon five hundred and ninety bushels of corn.

Alexander Walters also testified that soon after the contract as to planting the land in corn was made, Wheat went to eastern Texas and died there a year or two afterwards, never having returned.

In our opinion the testimony of Potter as to what had been done with the corn raised, in order to show payment, was erroneously excluded.

The statute does not disqualify a party to a suit by an administrator from testifying in the case, except " as to a transaction with, or statement by, the intestate." R. S., art. 2248. The evidence offered was not as to what had transpired between the deceased and defendant, nor as to what statements deceased had made, but as to what defendant himself had done. Such evidence could only be excluded on the ground that the statute forbids a party from testifying at all in his own behalf in a suit against him by an administrator.

As the vendor " was to take the corn on the place," as testified by a witness, the court appears to have been mistaken in holding that there was no evidence as to how the corn was to be handled or delivered after being made. The evidence should, we think, have been omitted. To what extent it would entitle Potter to a credit, if he allowed the corn to go to waste in the absence of Wheat, it is needless to now inquire.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.