### T. F. FREEMAN v. J. P. SLAY.

No. 1515. Decided February 22, 1906.

**Trespass to Try Title—Burden of Proof—Admission.**

When defendant in trespass to try title to land, which plaintiff sequestered, admitted plaintiff's fee simple title, but pleaded in reconvention right to possession of premises under lease from plaintiff and damages by the sequestration of the property, the admission made a prima facie case of right to recovery by plaintiff, and the burden was on defendant to prove the lease. (P. 515.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Palo Pinto County.

Freeman sued Slay for the recovery of land, and defendant had judgment. Plaintiff appealed, and on affirmance obtained writ of error.

*W. H. Penix,* for plaintiff in error.—Where an instruction, though properly refused, is sufficient to call the attention of the court to the matter upon which it is desired to charge, the failure to give an appropriate instruction thereon is error. Carpenter v. Dowe, 26 S. W., 1002; Kirby v. Estill, 75 Texas, 486; Bexar Bldg. & Loan Assn. v. Newman, 25 S. W., 464, opinion on rehearing; Earle v. Thomas, 14 Texas, 592; Neville v. Mitchell, 66 S. W., 579, and authorities there cited.

*H. E. Bradford,* for defendant in error.—The court charged the jury that the burden of proof was on the defendant to establish his injury (that is, the damages of all kinds, claimed by him), by reason of the levy. This charge certainly placed the burden upon the defendant, to show by a preponderance of the evidence, all facts necessary to a recovery by him in the case.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiff in error, in January, 1904, sued in trespass to try title to recover of defendant a tract of land which he caused to be taken from the possession of defendant under a writ of sequestration. The defendant, in his answer, admitted that plaintiff, at the institution of suit and since, was the owner in fee simple of the land sued for; but, pleading in reconvention, alleged that he, defendant, was, when sued, lawfully in possession under a contract with plaintiff by which plaintiff had rented to him the premises for the year 1904, and sought to recover damages for the breach of this contract and for the wrongful levy of the sequestration.

Upon the principal issue as to the making of the alleged contract there was a conflict of evidence at the trial. The court charged the jury: "The burden is on the plaintiff to establish his right to possession of the premises sued for at the time of the filing of this suit, by a preponderance of the evidence." The defendant requested and the court refused the following special charge: "You are charged that the burden of proof is upon the defendant to establish the allegations in his plea in reconvention, and if he does not so establish said allegation in said plea by a preponderance of the evidence, you will find for the plaintiff and so say by your verdict."

Upon the admission of plaintiff's title to the land he was entitled to recover unless the defendant proved the contract alleged to defeat such recovery. The plaintiff, it is true, must have had the right of possession in order to sustain his action, but prima facie that right was incident to the admitted title. Ordinarily, in trespass to try title, the plaintiff establishes his right of possession by proving title in himself, and an admission of title renders such proof unnecessary. Keys v. Mason, 44 Texas, 142-3; Horton v. Crawford, 10 Texas, 388.

The defendant, in order to rebut the presumption of right of possession arising from plaintiff's title, alleged the contract under which he claimed such right, and the burden was upon him to prove his allegation. Collins v. Ballow, 72 Texas, 332. To sustain his plea in reconvention it was therefore necessary for him to prove, not only "his injury by reason of the levy of the writ of sequestration," but also the contract by which he sought to defeat plaintiff's recovery. The special charge requiring him to prove the facts alleged in his plea and entitling plaintiff to recover unless he had done so, ought, therefore, to have been given. The erroneous charge given by the court on this point is not assigned as error in this court, and the judgment could not be reversed because of it; but the contention is made in the brief of counsel for defendant in error that it covered the point embraced in the special charge, which contention can not be sustained.

*Reversed and remanded.*