### TOMLINSON et al. v. NOEL et al.
### (No. 9360.)

(Court of Civil Appeals of Texas. Ft. Worth. June 12, 1920. Rehearing Denied July 2, 1920.)

1. **Boundaries** ⚷6—**Where beginning corner is not identified, it is lawful to reverse the calls.**

In a boundary controversy, where the beginning corner is not identified and certain, it is as lawful to reverse the calls as to follow the order given in the deed; but if the beginning corner can be identified, the footsteps of the surveyor must be followed, and if the beginning corner can be fixed with certainty, the called-for courses and distances as given in the deed must yield, if inconsistent.

2. **Boundaries** ⚷37(3)—**Evidence as to beginning corner held not uncertain.**

In a boundary dispute, evidence *held* not to fix the beginning corner in a deed with sufficient certainty to warrant overturning the verdict of a jury fixing such corner in accordance with defendants' claim.

3. **Witnesses** ⚷159(3)—**Heir may not testify as to fixing of boundary by parent with assistance of witness.**

One suing as heir of grantor of land to recover a triangular piece of land could not testify as to the place where deceased and the grantee, with the assistance of witness, had fixed the beginning corner on the ground, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, forbidding an heir from testifying as to transactions with his deceased father.

4. **Witnesses** ⚷159(2) — **Statute forbidding heir to testify not to be extended beyond its spirit.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, which forbids an heir, suing as such, from testifying as to transactions with his deceased father, is not to be extended beyond its spirit, and should not be held to apply to facts within the knowledge of the witness not dependent upon what was said or done by the deceased.

5. **New trial** ⚷124(1)—**Motion must sufficiently set out diligence to secure newly discovered evidence.**

A statement in a motion for new trial that movants used diligence to secure alleged newly discovered evidence at the trial of the cause, and that it was not due to negligence or lack of diligence on the part of the plaintiffs that such newly discovered evidence was not had at the trial of the cause, amounted to no more than legal conclusions, and was insufficient to show due diligence; it being necessary to state facts showing an exercise of diligence.

Appeal from District Court, Stephens County; Harry Tom King, Judge.

Trespass to try title by J. E. Tomlinson and others against J. A. Noel and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Veale, Caldwell, Bateman & Evans, and H. A. Leaverton, all of Breckenridge, for appellants.

W. C. Jackson and Bottorff & Puett, all of Breckenridge, and N. N. Rosenquest, of Eastland, for appellees.

CONNER, C. J. This suit was instituted in the usual form of trespass to try title by J. E. Tomlinson and others, as heirs of J. A. Tomlinson, deceased, to recover a triangular piece of land containing about 2½ acres. The facts show that the deceased, J. A. Tomlinson, and wife, on December 12, 1894, conveyed to J. A. Trimble, also deceased, 50 acres of land in Stephens county out of a larger survey owned by them, which was described in the deed of conveyance as follows:

"A part of S. E. ¼, sec. 446: Beginning at pile of stones at the George Love rock fence near the public tank; thence W. to the S. E. corner of lot sold to H. L. Nixon; thence west to the S. W. corner of graveyard lot, making 707 vrs.; thence S. with the Ward pasture fence 404 vrs. to stake; thence E. parallel with fence 707 vrs. to the E. line of sec. 446, which is the W. line of sec. 447; thence N. with said line to the place of beginning—making fifty acres in all, more or less."

The appellees have title by mesne conveyances from Trimble, and the controversy in this suit arises over a dispute as to the location of the beginning corner. The southeast corner of the lot sold to H. L. Nixon, as called for in the deed, is known and fixed on the ground, as are also the northwest, southwest, and southeast corners of the 50 acres in controversy, but the beginning corner is in dispute. The beginning corner, as claimed by appellees and as fixed by the verdict of the jury in answer to a special issue, is at a point due east of the southeast corner of H. L. Nixon's lot; but as claimed by the appellants the true beginning corner or rock pile, called for in the deed, is at a

---

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

point on the east line that would be reached by running a line from the southeast corner of the Nixon lot south 78 degrees and 50 minutes east. In other words, to reach the southeast corner of the Nixon lot, as called for in the deed, from the rock pile at its location as contended for by appellants, it would be necessary to run the line north 78 degrees and 50 minutes west instead of due west, as called for in the deed.

[1, 2] Appellants' principal assignment of error presents the contention that the verdict of the jury fixing the northeast corner of the 50-acre tract of land referred to is unsupported by the evidence, and that therefore the court should have given a peremptory instruction in their favor as requested. The evidence has been carefully considered, and we feel unable to say that the verdict and judgment in favor of appellees is not correct. It is very clear that by reversing the calls in the deed from Tomlinson, and beginning at the southeast corner of the 50-acre survey, as it is located and as found on the ground, and thence following course and distance west and north and east, the northeast corner will be at the point fixed by the jury; and where the beginning corner is not identified and certain, it is as lawful to reverse the calls as to follow the order given in the deed. If the beginning corner can be identified, the footsteps of the surveyor must be followed, and if in fact the evidence fixed with certainty the rock pile at the point where appellants contend that it was and is, then the called-for course and distance, as given in the deed, would have to yield, and it would be necessary to from thence run the line, not due west as called for, but north 78 degrees and 50 minutes west. We do not think it can be said, however, that the evidence fixing the rock pile on the east line is of that degree of certainty as will enable us to say that the verdict of the jury, which has been approved by the court, is wrong. It is true that a Mr. Moore, a surveyor from an adjoining county, surveyed the land, and he testified that on the east line of the 50-acre tract, at the point where appellants claimed the beginning corner to be, by digging he found a pile of rock, from which point he ran in the direction already indicated to the southeast corner of the Nixon lot. This rock pile, as he testified, was located by the passing calls of a tank and of a rock fence.

But evidence in behalf of appellees indicated that there was, in fact, no rock pile at the point indicated by the surveyor, that at that particular point rock was to be found in the ground at any place, that the tank had been enlarged from what it originally was, and the rock fence largely, it not wholly, obliterated. The calls in the deed, "at the George Love rock fence near the public tank," are mere descriptive calls, given as the means of ascertaining the location of the rock pile, which is the beginning corner. These descriptive calls fail to state the distance from the north or south end of the rock fence, or the distance from the public tank, or from either extremity thereof, and we do not think that they have been so definitely established by the evidence as to control the call in the deed for a due west line from the beginning corner. It seems evident from the deed that it was the purpose of the grantor to convey a tract of land in the form of a true parallelogram, for by the deed the east and west lines are made parallel, as also the north and south lines; but if the survey should be constructed as the appellants contend, by running from the beginning corner as they insist was established by their evidence, the result is to form a tract of land of irregular formation. Furthermore, evidence shows that by fixing the northeast corner of the survey as found by the jury, and observing the calls of the deed for course and distance, the tract would contain practically 50 acres as called for, while less than 50 acres would be result of surveying the tract as appellants contend that it should be surveyed. Moreover, the evidence shows without question that a large rock, about 4 feet wide and 10 feet long, and rising above the ground several feet, was located within less than 2 feet of the point at which the surveyor, Moore, testified that he found the pile of rock supposed by him to be the beginning corner of the survey, and it seems improbable that no reference to this large rock would have been made in the deed, had the beginning corner in fact been located where appellants insist it was and is. We conclude that we must overrule appellants' first assignment of error.

[3, 4] By another assignment appellants insist that the court erred in refusing to permit W. R. Tomlinson to testify as to the location of the beginning corner in question. He would have testified that he was present and assisted in locating the original beginning corner in controversy, and that it was located at the point where appellants now contend that their evidence established it. The bill of exception which portrays this ruling is a long one, including quite an extended examination by the court in the absence of the jury, with an explanation by the judge supporting his ruling attached to the bill. This is not set out in the brief; because thereof appellees have objected to the assignment. Regardless of the objections, however, we think the ruling must be sustained on its merits. The witness was suing as an heir of J. A. Tomlinson, and he had not been called to testify by appellees. Both J. A. Tomlinson and J. H. Trimble, under whom appellees claimed, had long since been deceased, and we think the testimony as a whole was, as the court ruled, objectionable under article 3690, V. S. Tex. Civ. Statutes, which forbids an heir, suing as such, from testify-

ing as to transactions with his deceased father. Parks v. Caudle, 58 Tex. 216; Hughes v. Robinson, 214 S. W. 947; Cosgrove v. Smith, 183 S. W. 109. It is true that the statute referred to is not to be extended beyond its spirit, and should not be held to apply to facts within the knowledge of the witness, not dependent upon what was said or done by the deceased. See Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441. And while possibly isolated statements of the witness may have been admissible, yet the testimony as a whole, we think, was objectionable, as may be illustrated by the following from a cross-examination of the proffered witness:

"Q. That transaction was a transaction between your father and Mr. Trimble, had for the purpose of locating that point? A. It was between my father and Mr. Trimble. I had nothing to do with that. All I had to do was to help running the line and establishing the corner.

"Q. That was all you had to do? A. Yes, sir.

"Q. That was a transaction between your father and Mr. Trimble, for the purpose of locating this point. Was not this survey that you participated in there a transaction between your father and Mr. Trimble relative to the sale of this land, for the purpose of locating a beginning point on that survey? A. Yes, sir.

"Q. And to locate the land? A. Yes, sir.

"Q. Your father helped carry the rock there, and Mr. Trimble helped carry the rock there, and you helped? A. Yes, sir."

The quotation made indicates, what we think the testimony set forth in the bill more clearly shows, that the acts of the witness that may be said to be his own lose their significance and probative force, unless the relation between such acts and the acts and declarations of J. A. Tomlinson and J. H. Trimble are shown. The rocks carried by the witness, as he testified, must have been so carried and placed by the direction of the deceased persons. He could only testify that those rocks were carried and placed for the beginning corner of the survey, from having heard the avowed purpose of his father and Trimble to so fix the identified corner, and the transaction, as a whole, as it seems to us, is clearly within the spirit of the rule forbidden by the statute. We therefore must uphold the ruling of the trial court.

[5] By another assignment it is insisted that the court erred in overruling appellants' motion for a new trial on the ground of newly discovered evidence. The assignment relating to this subject is as follows:

"The court erred in overruling appellants' motion for a new trial, for the reason that the appellants had newly discovered evidence that was material, and was not cumulative, and was admissible, that was discovered after the trial of the cause, and that was not presented at the trial, for the reason that none of the appellants had any knowledge of such evidence, or where the witness resided; the appellants having used diligence to secure the evidence at the trial, it being through no negligence or lack of diligence on the part of the appellants that such newly discovered evidence was not had at the trial, such testimony being of a nature as to probably change the result of the trial, and being available in the event a new trial had been granted, such evidence being the testimony of one J. L. Howington, who owned the land in controversy prior to the date of the trial of the cause, who knew where the corner of the tract in controversy was located, and where the north line of said tract ran, and was acknowledged and accepted by owners of said tract prior to 1907—all of which facts fully appear in the affidavit of J. L. Howington, attached to appellants' motion for new trial and marked 'Exhibit A'—which error is assigned in the first paragraph of appellants' motion for a new trial below."

Admitting, for the purpose of our disposition of the question, that the testimony of the discovered witness is material, we yet think that the assignment wholly fails to point out an exercise of any diligence on the part of appellants to discover the witness and ascertain what he might know, if anything, about the location of the orginal corner; and neither the motion for new trial nor any part of the record is more specific than is the assignment on the issue of diligence. From the affidavit of Howington, he was at one time an owner of the land, and knew where the beginning corner was located, and knew where the pile of rocks called for were located; but there is nothing to show where Howington lives, that he resided beyond the state or county, or that his residence was not generally known or that any inquiry or effort whatever was made to find him and learn what he might know. Appellants must have known that at one time he was such owner, and for aught that appears in the record appellants could easily have learned where Howington lived, and readily interrogated him. The statement in the motion that appellants "and each of them have used diligence to secure said evidence at the trial of said cause, and it is not due to negligence or lack of diligence on the part of the plaintiffs that such newly discovered evidence was not had at the trial of this cause at a former date of this term," amounts to no more than legal conclusions. This is not sufficient. The facts showing an exercise of diligence should have been stated. We cannot, therefore, say that the court abused his discretion in overruling the motion for a new trial.

There are a number of other assignments, but they are of minor importance, and, in view of what we have already stated, neither material nor controlling. Such other assignments will therefore all be overruled, and the judgment affirmed.