## DODSON v. WATSON. (No. 7693.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 16, 1920.)

**1. Witnesses ⚖160(1)—Testimony to conversation between defendant and deceased is incompetent.**

Testimony by an heir of deceased in an action by the administrator as to a conversation she heard between the deceased and defendant is incompetent, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, excluding testimony as to transaction with or statement by deceased.

**2. Witnesses ⚖139(9)—Heir is incompetent to testify in action by administrator.**

In an action by an administrator, an heir of deceased is essentially a party, though not nominally a party, and she is therefore incompetent to testify to a transaction with deceased, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, forbidding such testimony by a party.

**3. Witnesses ⚖159(13)—Testimony by defendant as to payments to others for deceased is competent.**

In an action by an administrator to recover funds entrusted by deceased to defendant, testimony by defendant that he made payments to others to procure conveyances of property to deceased is competent, since such payments did not amount to a transaction with deceased.

**4. Witnesses ⚖126—Statute excluding testimony of transactions with deceased not extended by construction.**

The terms of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, forbidding testimony of transactions with deceased, will not be so extended by judicial construction as to exclude testimony not expressly excluded by its provisions.

**5. Trial ⚖194(9)—Instruction as to settlement held erroneous as on weight of evidence.**

In an action by an administrator to recover funds intrusted by deceased to defendant, an instruction that, if the jury found from the evidence, taking into consideration the long lapse of time, the friendly relations between deceased and defendant, and the other circumstances, that there was a full settlement, they should find for defendant, was erroneous as on the weight of the evidence.

**6. Appeal and error ⚖1215—Opinion on former appeal held not to authorize instruction.**

An opinion on a former appeal of a case which recited certain facts shown by the evidence as strongly tending to support the defense of settlement, but which stated in substance that the issue of such settlement was one of fact for the jury, did not justify the giving of an instruction on the issue of settlement which pointed out the circumstances so as to be on the weight of the evidence.

**7. Appeal and error ⚖1064(2)—Instruction on weight of evidence held prejudicial.**

Uncontradicted testimony that deceased had stated she had made full settlement with defendant in connection with lapse of time without demand for settlement does not establish conclusively that such settlement had been made, where there was other testimony that the statement referred to a different settlement and other circumstances negatived settlement, so that an instruction on the issue of settlement which commented on the weight of the evidence was prejudicial to plaintiffs.

**8. Trial ⚖234(7) — Charge burden was on plaintiff erroneous, where disputed issues were on confession and avoidance.**

In an action by an administrator on written instruments found in possession of decedent, whose execution was not denied by defendant, where the only defense was in the nature of confession and avoidance, an instruction that the burden was on plaintiff to establish his right to recover by a preponderance of the evidence was misleading and erroneous.

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by D. S. Dodson, administrator, against F. M. Watson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 220 S. W. 771.

Stennis & Wilson and F. O. McKinsey, all of Weatherford, for appellant.

I. W. Stephens, of Ft. Worth, and Gross & Gross, of Mineral Wells, for appellee.

DUNKLIN, J. The disposition of a former appeal in this case is shown in 143 S. W. 329.

The suit was instituted by Adam Parker, administrator of the estate of Pallie Watson, deceased, against F. M. Watson, who, as agent or trustee for Pallie Watson during her lifetime, had received from her certain moneys to be loaned out for her benefit, and upon another receipt executed by F. M. Watson showing that he had received from Pallie Watson for collection certain notes. The two instruments sued on are set out in full in the opinion rendered by the Court of Civil Appeals, cited above, reversing a former judgment of the trial court and remanding the cause for another trial.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the last trial judgment was rendered in favor of the defendant, and the plaintiff has appealed.

One of the defenses urged by Watson to the suit was that when he gave the instrument of date October 24, 1890, charging himself with the items of cash received from Pallie Watson, he had failed to credit himself with certain sums of money which he had already paid out for Pallie Watson, which were not credited in said statement and which were omitted therefrom by mistake and oversight. Plaintiff contended that defense could not be sustained unless the mistake pleaded was shown to have been a mutual mistake of both parties to the instrument. That contention was overruled by the Court of Civil Appeals at Austin as shown in its opinion, and that opinion was followed by the trial court upon the last trial. The same contention is made the basis of several assignments of error presented by the plaintiff on this appeal. This court has certified that question to the Supreme Court, who has decided it adversely to appellant and in accordance with the ruling of the Court of Civil Appeals at Austin. See Dodson v. Watson, 220 S. W. 771.

[1] There was no error in the exclusion of the proffered testimony of Rebecca Rawlins to the effect that she heard a conversation betwen Pallie Watson and the defendant, which occurred August or September, 1902, in which Pallie Watson said to the defendant, "I suppose I have not got much more money coming to me from you," to which the defendant replied, "Yes, I have still got about $3,000 of your money in my hands." Mrs. Rawlins was shown to be an heir of Pallie Watson, and such testimony came within the inhibition of article 3690, Vernon's Sayles' Tex. Civil Statutes, which is as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The testimony quoted was offered as a whole and was objectionable as offered. It included the statement by Pallie Watson as well as the statement by the defendant, and the statement made by the former was essentially a question propounded, and the statement by the defendant was in answer to the question. Tomlinson v. Noel, 223 S. W. 1028.

[2] And the fact that Rebecca Rawlins was not nominally a party to the suit made no difference, since she was essentially a party through the plaintiff, Adam Parker, who was suing as administrator of the estate of Pallie Watson, and therefore as representative of all the heirs and creditors. Clark v. Briley, 193 S. W. 419; Leahy v. Timon (Sup.) 215 S. W. 951; Perdue v. Perdue (Sup.) 217 S. W. 694; Ross v. Kell, 159 S. W. 119.

[3, 4] The testimony of the defendant to the effect that he paid to Mrs. Pierce $297.50 as part of the purchase price for certain land conveyed to Mrs. Pallie Watson, and that he paid to Dr. Ketchum $2,600 as the purchase price of another tract conveyed to Mrs. Pallie Watson, was admissible as against the objection urged by plaintiff, predicated upon the same statute, on the ground that it was a transaction between the defendant and Mrs. Pallie Watson. While such payments were made for the benefit of the deceased, it was not a transaction with her but with the vendors of the property conveyed. Potter v. Wheat, 53 Tex. 401; Moores v. Wills, 69 Tex. 109, 5 S. W. 675. It is familiar rule of decisions of this state that the terms of that statute will not be so extended by judicial construction as to exclude testimony that is not expressly excluded by its provisions. Roberts v. Yarboro, 41 Tex. 449; Markham v. Carothers, 47 Tex. 25; Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Martin v. McAdams, 87 Tex. 225, 27 S. W. 255.

[5] The following instruction was given to the jury at the request of the defendant:

"If you find from the evidence, taking into consideration the long lapse of time, the friendly relations between defendant and Pallie Watson, and the other circumstances in evidence, there was a full settlement between Pallie Watson and defendant, you will find for the defendant."

[6, 7] The evidence showed that Mrs. Pallie Watson died in the year 1904, about 14 years after the instruments sued on were executed by the defendant, and that during all that period of time she and the defendant were apparently on friendly terms; Mrs. Pallie Watson frequently visiting the family of the defendant. And no evidence was introduced to show that during that period Mrs. Pallie Watson ever demanded a settlement of the defendant or made any claim that he owed her any amount. These facts tended strongly to support the defense of settlement in full by the defendant, and we think the charge quoted was clearly subject to the criticism made in an assignment addressed thereto that it was on the weight of the evidence and therefore erroneous. Willis v. Whitsitt, 67 Tex. 673, 4 S. W. 253; Stocksbury v. Swan, 85 Tex. 571, 22 S. W. 963; Mitchell v. Mitchell, 80 Tex. 113, 15 S. W. 705; Louisiana & Tex. Lumber Co. v. Stewart, 148 S. W. 1193. In their brief, counsel for the defendant seeks to justify the giving of this instruction by certain expressions in the opinion of the Court of Civil Appeals referred to above, but we do not so construe that opinion. It is true

that in the opinion the facts recited in the instruction now under discussion were referred to as strongly tending to support the defense of settlement, yet the court further said in substance that whether there was such a settlement was an issue of fact to be determined by the jury. In oral argument to this court on the present appeal, it is insisted further that the error, if any, in giving the instruction, was harmless, in view of the fact that one witness, I. W. McConnell, who was not shown to be interested in the controversy, testified that he was well acquainted with Mrs. Pallie Watson, and that in 1896, and also in 1900, she told the witness that defendant had settled with her and did not owe her anything. In other words, it is insisted, in effect, that, as no witness denied that those conversations took place, this testimony, in connection with the long lapse of time intervening between the dates of the instruments sued on and the death of Mrs. Pallie Watson, conclusively established the alleged settlement and that the trial judge could have so instructed the jury. But with this contention we cannot agree. From other testimony of McConnell, not necessary to quote, the jury might have believed that the settlement referred to by Mrs. Watson was that made with defendant acting as administrator of the estate of Nathan Watson, deceased; and the friendly relations between her and the defendant might have been regarded by the jury as a circumstance tending to explain her failure to sue upon the instruments in controversy. But aside from that are the further circumstances that the instruments were still in the possession of Mrs. Pallie Watson at the date of her death, bearing no credits indorsed thereon, and no bank checks were introduced by the defendant to show payments by him of any sums to Mrs. Watson, and no evidence was introduced to explain the failure to produce such checks.

[8] The court further charged the jury as follows:

"The burden is on the plaintiff to establish his right to recover by a preponderance of the evidence, and, in case he has failed to do so, your verdict will be for the defendant."

We believe the giving of this instruction was error. As a general rule, the burden is on the plaintiff to make out his case by a preponderance of the evidence. But plaintiff made out a prima facie case when he introduced the instruments sued on which were in possession of Mrs. Pallie Watson up to the date of her death. The execution of those instruments was not denied by the defendant, and the only defenses urged thereto were in the nature of confession and avoidance. Those defenses were the only controverted issues of fact presented, and the burden of proof to sustain them was upon the defendant.

The charge given was, to say the least, misleading and calculated to be understood by the jury as imposing upon plaintiff the burden to overcome by a preponderance of the evidence the defenses urged. Pughe v. Coleman, 44 S. W. 576; Freeman v. Slay, 99 Tex. 514, 91 S. W. 6; Florida Athletic Club v. Hope Lumber Co., 18 Tex. Civ. App. 161, 44 S. W. 10; Milmo Nat. Bank v. Convery, 49 S. W. 926.

For the reasons indicated, the judgment of the trial court is reversed, and the cause is remanded.