### COLEMAN et al. v. WIDEMAN et al.
### (No. 10220.)

Court of Civil Appeals of Texas. Dallas. July 7, 1928.

Rehearing Denied July 31, 1928.

1. **Husband and wife** ⊂⊃274(4)—Evidence as to whether property was purchased by husband's separate means held to require submission to jury.

In suit contesting title to real estate on theory that land purchased during marriage of plaintiff's father and stepmother was in fact the separate property of their father, evidence relative to whether such property was purchased by separate means of father *held* sufficient to require submission to jury.

2. **Witnesses** ⊂⊃159(13)—Testimony, in suit contesting title to property, relative to money used by deceased in purchase thereof, derived from examination of deceased's books, held admissible (Rev. St. 1925, art. 3716).

In suit contesting title to property on theory that land, though purchased during marriage of plaintiff's father and stepmother, was in fact father's separate property, testimony of plaintiff relative to fact that father had used certain money in payment thereof, ascertained from examination of his books and canceled check, *held* not inadmissible, under Rev. St. 1925, art. 3716, in that it did not constitute testimony as to statement by deceased nor as to any transaction had between him and witness.

3. **Witnesses** ⊂⊃126—Law precluding testimony as to transactions with or statements by deceased must be strictly construed (Rev. St. 1925, art. 3716).

Rev. St. 1925, art. 3716, precluding testimony as to any transaction or statement by deceased in actions by or against executors or administrators, must be strictly construed, in that

it changes the common-law rule, and the exception to right of party to testify will not be extended by judicial construction.

Appeal from District Court, Dallas County; Joel R. Bond, Judge.

Suit by Mary E. Coleman and others against Herschel Wideman, in his individual capacity and as administrator of the estate of Mrs. Cora E. Savage, deceased. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Collins & Houston, of Dallas, for appellants.

White & Yarborough and W. N. Coombes, all of Dallas, for appellee.

JONES, C. J. In a suit in a district court of Dallas county, by Mary E. Coleman, Iva D. Hickman, and Susie R. Whitley, each joined by her husband as a party pro forma, against Herschel Wideman in his individual capacity and as administrator of the estate of Mrs. Cora E. Savage, deceased, contesting the title of Herschel Wideman to an improved lot located in the city of Dallas, judgment was entered in favor of defendant on peremptory instruction from the court, and the appeal is duly prosecuted to this court.

The plaintiffs in the court below will be styled appellants and the defendant appellee. The facts necessary for this appeal, are as follows: L. W. Savage and Cora E. Savage were husband and wife, having married in the city of Dallas in November, 1890. No children were born to this marriage. There was a previous marriage by L. W. Savage to which five children were born, three of whom are the plaintiffs in this suit, and the remaining two, before the filing of this suit, had deeded whatever interest they may have had in the land to appellant Mrs. Mary E. Coleman. The lot in controversy, together with an adjoining lot, was purchased by L. W. Savage on the 4th day of June, 1904, the entire consideration being paid in cash. Subsequently valuable improvements were made on the property and it became the homestead of Savage and wife, and, following his death, was the homestead of his wife, Mrs. Cora E. Savage, until her death in 1926. The appellants herein were small children at the time of this second marriage of their father, and remained as constituent members of his family until they were grown.

L. W. Savage died in Dallas county, intestate. Appellee was the nephew of Cora E. Savage and claimed a one-half interest in the property as beneficiary of the will of Cora E. Savage. Her will directs that:

After the payment of all her just debts, expenses of last sickness, and funeral expenses, " * * * all the residue and remainder of the property of my estate of every kind and character wherever situated, I will, devise and bequeath to my beloved nephew, Herschel Wide-

8 S.W.(2d)—50½

man, * * * to have and to hold the same unto him absolutely in fee simple."

Appellants instituted this suit on the theory that the land in question, though purchased during the marriage of their father and stepmother, was in fact the separate property of their father, L. W. Savage, because the entire consideration was paid from money devised to him by a deceased brother, and the allegations in the petition are sufficient to warrant a recovery on this theory. Appellee defended the suit on the theory that the lot in question was the community property of L. W. and Cora E. Savage, and that the title to one-half of same became vested in him by the will of Cora E. Savage. His answer also contained an alternate plea as to community improvements. Appellee's pleading is sufficient in both respects.

The record discloses that James L. Savage, a brother of L. W. Savage, died testate in Accomac county, the state of Virginia, in January, 1903, and named L. W. Savage, Joseph Savage, and a sister as equal beneficiaries in his will; that his will was duly probated in the state of Virginia by the brother, Joseph Savage, named in the will as executor; that, after qualifying as such executor, he took possession of the estate, consisting principally of two tracts of land, and under order of the proper court of Virginia sold said land for a cash consideration. From a written statement in evidence, it is shown that the net proceeds of the estate of James L. Savage was $6,044.68, and that one-third of this, $2,014.89, was paid to L. W. Savage by the executor. This fact is evidenced by the following instrument, in the handwriting of L. W. Savage:

"Accomac County, June 10th, 1903.

"Received of Joseph Savage two thousand fourteen and eighty-nine-one hundredths dollars in full of amount due me from J. L. Savage's estate. [Signed] L. W. Savage."

L. W. Savage conducted a small grocery store in the city of Dallas and his three younger daughters, including Mrs. Mary E. Coleman, assisted him in the conduct of the store. Some time previous to the death of James L. Savage, L. W. Savage had financial reverses and was adjudged a bankrupt. However, after his discharge in bankruptcy, he again assumed charge of a small grocery store. It was in evidence by three witnesses that Mrs. Cora E. Savage had stated to each of them after the death of her husband that she only had a life estate in the property in question upon which she was living. In her will she does not give any description of the property of which she believed she was possessed at the time of its execution, and hence makes no specific claim in such instrument of a community interest in this property. Approximately a year elapsed between the receipt of the money from his deceased brother before the purchase by L. W. Savage of the property in question. It was in testimony by appellant,

Mrs. Mary E. Coleman, that she attended to the books of her father and had charge of his banking books; that after her father received the money from Virginia he had two accounts in different banks, one in the name of the L. W. Savage Grocery Company, which he used in connection with the grocery business, and the other in the name of L. W. Savage, which was originally in the sum of $2,089.14; that she saw the deposit slip issued to her father for this amount, and took charge of same; that she knew when the money from Virginia was received, and this account was opened at that time; that, when the land in question was bought, she saw the canceled check for $750, signed by her father, and it had been drawn against this account.

When this evidence was offered, it was objected to because it contravened the terms of article 3716, R. S. This objection was first overruled, and the evidence admitted, but the court withdrew the evidence from the jury and gave the peremptory instruction in favor of appellee.

[1] The assignments of error present two issues on this appeal: (a) Was the evidence admitted by the court sufficient to raise an issue of fact as to whether the property in question was purchased by the separate means of L. W. Savage? (b) Was there error in excluding from consideration the evidence of Mary E. Coleman? These issues will be discussed in the order above named.

We are inclined to think that the trial court was in error in giving peremptory instruction in favor of appellee under the evidence before the court at the time the instruction was given. The undisputed evidence shows that, within about one year of the purchase of the land in controversy, L. W. Savage received by devise from his deceased brother a sum of money nearly three times the amount of the consideration paid for the land purchased at said time. If this testimony stood alone, it perhaps would not be sufficient to raise the issue that the consideration for the purchase of the land was paid with a portion of this money. The testimony of the statements of Cora E. Savage, to the effect, that she had no title to this land, is very significant and must be considered in passing on this issue. It can be fairly presumed that as his wife she knew the source from where the money came with which L. W. Savage purchased this land to be dedicated as their home, and that she knew of her community rights, when she repeatedly disclaimed any interest in the property save the right to use it for her home. Her conduct in this respect is only consistent with the theory that she knew the consideration for the purchase of this land came from the separate estate of her husband. We therefore conclude that the court erred in giving the peremptory instruction on the testimony admited in evidence.

[2] We are also clearly of the opinion that the court erred in excluding so much of the testimony of Mrs. Mary E. Coleman that is above set out. It was excluded on the theory that it came within the prohibition of article 3716. This article is as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The witness did not testify to any statement made by her deceased father, nor to any transaction had between him and her. She knew that the money received from his deceased brother was deposited in a bank and in an account separate from his business account, not from any statement made by her father, but from the fact that she saw the bank book and the deposit slip evidencing such transaction. She knew that the consideration for the land was paid from this Virginia money, not from any statement had from her father, nor from any transaction she had with him, but from the fact that she saw the canceled check issued by him against the account in which only this money was deposited.

[3] This article changes the common-law rule, and should be strictly construed, and the exception to the right of a party to testify will not be extended by judicial construction. Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441; Nimitz v. Holland (Tex. Civ. App.) 217 S. W. 244; Dodson v. Watson (Tex. Civ. App.) 225 S. W. 586.

We are of the opinion that the portion of the evidence of appellant Mary E. Coleman, above designated, that was stricken out by the court, should have been permitted to remain as evidence in the case. Edelstein v. Brown (Tex. Civ. App.) 95 S. W. 1128; Harris et al. v. Seinsheimer, 67 Tex. 356, 3 S. W. 307; Choate v. Huff et al. (Tex. App.) 18 S. W. 87; McDonald's Estate v. McDonald (Tex. Civ. App.) 150 S. W. 593; Potter v. Wheat, 53 Tex. 401; Dodson v. Watson (Tex. Civ. App.) 225 S. W. 586.

It therefore follows that in our opinion this case must be reversed and remanded for a new trial.

Reversed and remanded.